# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS CLARK, | ) | CASE NO. 5:24-cv-1312 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBORAH PARKER, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is Plaintiff's Notice of Dismissal, which seeks to dismiss the complaint against one of the three defendants in this action pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  (ECF No. 10).  For the following reasons, the Court construes the Notice of Dismissal as a motion to dismiss under Fed. R. Civ. P. 21 and **GRANTS** the same.

## I.    BACKGROUND

On August 29, 2024, Plaintiff Curtis Clark filed an amended complaint against Defendants Deborah Parker, Sandra Clark, and Cathy Jones, alleging that Defendants forged his signature and fraudulently transferred and conveyed interests in the property located at 3423 Dueber Avenue, S.W., Canton, Ohio, 44706.  (ECF No. 1).  The amended complaint asserts five causes of action against Defendants: (i) fraudulent conversion; (ii) civil conspiracy; (iii) unjust enrichment/quantum meruit; (iv) slander of title; and (v) declaratory judgment/quiet title/injunctive relief.  (*Id.* at PageID #75–79).

On September 4, 2024, Plaintiff filed the Notice of Dismissal.  (ECF No. 10).  In the filing, Plaintiff gave notice that he was dismissing the complaint against Defendant Jones without prejudice pursuant to Rule 41(a)(1)(A)(i).  (*Id.*).

## II.    DISCUSSION

Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]"   However, Sixth Circuit precedent holds that plaintiffs may not use Rule 41 to dismiss some claims and defendants from an action; it can only be used to dismiss an entire *action*.  *See Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) (explaining that Rule 41's use of "the word 'action' . . . denotes the entire controversy"); *Sheet Metal Workers' Nat'l Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-cv-7238, 2013 U.S. Dist. LEXIS 105098, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013) (citing *Taylor*, 286 F.2d at 785) ("A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21."); *see also Espinosa v. First Advantage Background Servs. Corp.*, 343 F.R.D. 414, 415 (S.D. Ohio 2023) ("Thus, in the Sixth Circuit, Rule 41(a) is for dismissing the entire controversy, not parts of it.").  To dismiss fewer than all claims or parties in an action, a plaintiff must move to dismiss under Federal Rule of Civil Procedure 21.  *Taylor*, 286 F.2d at 785; *Metron Nutraceuticals, LLC v. Cook*, No. 1:20-cv-01803, 2023 U.S. Dist. LEXIS 124529, at *43 (N.D. Ohio July 18, 2023); *Bernard v. City of Cleveland*, No. 1:21-cv-1103, 2022 U.S. Dist. LEXIS 171048, at *3-4 (N.D. Ohio Sep. 21, 2022).  Because Plaintiff seeks to dismiss a single Defendant and not the entire case, the Court construes the notice of withdrawal as a Rule 21 motion to dismiss.

Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." Fed. R. Civ. P. 21.  Typically, parties are afforded an opportunity to respond before a district court rules on a Rule 21 motion. *See Bernard*, 2022 U.S. Dist. LEXIS 171048, at *4; *Baldwin v. Boeing Co.*, No. 1:19-cv-02400,

2021 U.S. Dist. LEXIS 260178, at *11 (N.D. Ohio Feb. 18, 2021).  On September 4, 2024, the Court issued an order that: (i) informed the parties that the Court was construing the Notice of Dismissal as a Rule 21 motion; and (ii) instructed Defendants to file any response to the construed Rule 21 motion by September 11, 2024.  (Order [non-document] dated Sept. 4, 2024).  The deadline has passed, and Defendants did not file any response.  With no opposition entered, the Court has considered the record before it and concludes that there will be no prejudice if Defendant Cathy Jones is dismissed at this time.  Therefore, construing the Notice of Dismissal as having been made pursuant to Rule 21, the Court **GRANTS** the same.

III.    **CONCLUSION**

For the foregoing reasons, the Court construes Plaintiff's Notice of Dismissal (ECF No. 10) as a motion to dismiss under Rule 21, **GRANTS** the same, and **DISMISSES** the complaint as to Defendant Cathy Jones **WITHOUT PREJUDICE**.  The complaint remains pending against Defendants Deborah Parker and Sandra Clark.

**IT IS SO ORDERED.**

Dated: September 12, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**