UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS CLARK, | ) | CASE NO. 5:24-cv-1312 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBORAH PARKER, *et al.*, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Defendant Deborah Parker's *pro se* motion seeking dismissal of the amended complaint and requesting an extension of time to retain counsel ("Motion to Dismiss") (ECF No. 24). Plaintiff Curtis Clark filed a timely opposition (ECF No. 25). For the reasons that follow, the Motion to Dismiss is **DENIED**.

I.  BACKGROUND

On August 29, 2024, Plaintiff filed an amended complaint against Defendants Deborah Parker, Sandra Clark, and Cathy Jones, alleging that the defendants engaged in the fraudulent transfer and conveyance of interest in the property located at 3423 Dueber Avenue SW, Canton, Ohio 44706 (the "Property"). (ECF No. 9). In relevant part, Plaintiff alleges that the defendants forged his signature on a July 10, 2003 quit claim deed that purportedly conveyed Plaintiff's interest in the Property to Catherine A. Clark (the mother of Plaintiff and Defendants). (*Id.* ¶¶ 15, 21, 26; ECF No. 1-8). The amended complaint asserts five causes of action: (i) Fraudulent Conversion (Count One); (ii) Civil Conspiracy (Count Two); (iii) Unjust Enrichment/Quantum Meruit (Count Three); (iv) Slander of Title (Count Four); and (v) Declaratory Judgment; Quiet Title; Injunctive Relief (Count Five). (*Id.* at PageID #75–78).

On September 23, 2024, Defendant Parker, proceeding *pro se*, filed a motion requesting a 30-day extension to respond to the amended complaint and to retain an attorney. (ECF No. 17). On October 2, 2024, the Court issued an order that, in relevant part, granted Defendant Parker's motion for an extension, provided her with 30 days to retain proper legal counsel, and directed her to file a response to the amended complaint by November 18, 2024. (ECF No. 22, PageID #205–06).

On October 8, 2024, Defendant Parker, still proceeding *pro se*, filed the Motion to Dismiss. (ECF No. 24). On October 16, 2024, Plaintiff filed his opposition to the Motion to Dismiss. (ECF No. 25). Defendant Parker did not file a reply in support.

## II. DISCUSSION

The Motion to Dismiss seeks dismissal of the amended complaint "based on Fraud upon the Court based on lies presented by" Plaintiff and his attorney. (ECF No. 24, PageID #208–09). The Court construes the Motion to Dismiss as arguing that dismissal is warranted because: (i) Plaintiff committed perjury when he alleged that the defendants forged his signature on the July 13, 2003 quit claim deed; and (ii) Plaintiff and his attorney defamed Defendant Parker "by continuously Slandering her reputation, slander[ing] her character, and assassinat[ing] her character with malicious lies." (*Id.* at PageID #209). Plaintiff responds that the Motion to Dismiss is in an improper form—because it lacks the legal standard, the necessary elements, and citation to an appropriate section of the Federal Rules of Civil Procedure—and Defendant Parker has not claimed that the amended complaint is deficient at this stage of the proceeding. (ECF No. 25, PageID #228–29). He further argues that, even if the Motion to Dismiss was proper, the amended complaint contains sufficient allegations to support all five causes of action. (*Id.* at PageID #229).

As an initial matter, the Court must determine the exact nature of the Motion to Dismiss and the relief that Defendant Parker seeks. The Court finds that the Motion to Dismiss does not seek relief under Fed. R. Civ. P. 12. Defendant Parker provides no citation to Rule 12 nor does she provide any indication which subsection to that rule would apply. Furthermore, none of her arguments for dismissal correspond with any grounds for dismissal under Rule 12. The Motion to Dismiss seeks dismissal based primarily on alleged fraud upon the court and Plaintiff's misconduct. Such relief would appear to arise under Fed. R. Civ. P. 60(b), which provides relief from a final judgment or order based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). But this concerns only *post*-trial relief.

The Court construes the Motion to Dismiss as seeking dismissal pursuant to the Court's inherent power to punish a party for perpetrating a fraud upon the court. Courts have recognized that a motion to dismiss based on alleged fraud upon the court is permissible and may be granted pursuant to the Court's inherent power to sanction parties who have engaged in such conduct. *See, e.g.*, *Robinson v. Ionia Corr. Facility Med. Staff*, No. 1:15-cv-1114, 2017 U.S. Dist. LEXIS 142511, at *2 (W.D. Mich. Aug. 1, 2017) ("Federal courts have the inherent power to sanction a party 'upon proof that a fraud has been perpetrated upon the court, . . . A court has the power to conduct an independent investigation in order to determine whether it has been the victim of fraud' and to dismiss a lawsuit when a litigant has perpetrated a fraud on the court." (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991) (cleaned up)); *Idearc Media Corp. v. Kimsey & Assocs., P.A.*, No. 8:07-CV-1024-T-17EAJ, 2009 U.S. Dist. LEXIS 34446, at *10-11 (M.D. Fla. Mar. 31, 2009) (same); *McMillian v. Metal Bldgs. Servs., LLC*, Civil Action No. 17-cv-00164-WYD-NYW, 2018 U.S. Dist. LEXIS 32716, at *1–2 (D. Colo. Jan. 25,

2018) (noting that courts have found motions to dismiss based on alleged fraud on the court to be permissible); *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002) (construing a request to dismiss as invoking the court's inherent right to sanction fraud upon the court); *Perna v. Elec. Data Sys., Corp.*, 916 F. Supp. 388, 397 (D.N.J. 1995) ("When appropriate, the court may use its inherent power to prevent the perpetration of a fraud upon the court.").

Here, Defendant Parker has not provided sufficient evidence to establish that Plaintiff has engaged in fraud upon the court or engaged in any other sanctionable conduct. Defendant Parker merely points to the July 10, 2003 quit claim deed as evidence that that Plaintiff committed perjury when he alleged that the deed is fraudulent and contained a forged signature. This evidence does not establish that Plaintiff's contention of a forged signature is false; instead, it simply demonstrates that the July 10, 2003 quit claim deed exists and has a signature purported to be that of Plaintiff. At this stage of the proceeding, construing the pleadings in the light most favorable to Plaintiff, he has alleged sufficient facts to state a claim of fraudulent transfer. Regardless, allegations of perjury and fabricated evidence do not qualify as actionable fraud on the court. As explained by the Fourth Circuit:

> Perjury and fabricated evidence are evils that can and should be exposed at trial, and the legal system encourages and expects litigants to root them out as early as possible. . . . Fraud on the court is therefore limited to more egregious forms of subversion of the legal process . . . , those we cannot necessarily expect to be exposed by the normal adversary process.

*Great Coastal Express v. International Broth. of Teamsters, Chauffeurs, Warehousemen*, 675 F.2d 1349, 1357 (4th Cir. 1982)

Defendant Parker also contends that Plaintiff and his attorney defamed her, but she does not list or provide evidence of these alleged defamatory statements. The Court is left to assume that Defendant Parker is referring to the general allegations made in the amended complaint, or

4

related comments. However, Defendant Parker cannot prove the falseness of these assertions at the pleading stage and the evidence she currently provides is insufficient regardless. Simply put, Defendant Parker has not established that Plaintiff has taken any actions that constitute fraud upon the Court or that subvert the judicial process. Accordingly, Defendant Parker's request to dismiss this action is **DENIED**.

To the extent that Defendant Parker requests an extension of time to retain an attorney, the Court is inclined to deny such a request at this time. First, the request is improper as it is a single paragraph dropped in the middle of the Motion to Dismiss and it appears to be wholly unrelated to the remainder of the filing. Second, Defendant Parker provides no reason for the requested extension and her continued *pro se* filings seemingly indicate her intent to proceed *pro se*. Accordingly, the request for an extension of time is **DENIED WITHOUT PREJUDICE** to the filing of a separate motion that provides good cause for an extension of time.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Parker's Motion to Dismiss (ECF No. 24) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 12, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**