## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS CLARK, | ) | CASE NO. 5:24-cv-1312 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBORAH PARKER, *et al.*, | ) | **ORDER ADOPTING MAGISTRATE'S** |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

On August 29, 2024, Plaintiff Curtis Clark filed an amended complaint against Defendants Deborah Parker, Sandra Clark, and Cathy Jones, alleging that the defendants engaged in the fraudulent transfer and conveyance of interest in the property located at 3423 Dueber Avenue SW, Canton, Ohio 44706. (ECF No. 9). On September 23, 2024, Defendant Deborah Parker filed a countercomplaint against Plaintiff. (ECF No. 16). On October 21, 2024, Plaintiff filed a motion to dismiss Ms. Parker's countercomplaint ("Motion to Dismiss"). (ECF No. 26).

On July 8, 2025, Magistrate Judge Jennifer Armstrong issued a Report and Recommendation ("R&R") recommending that the Court dismiss Ms. Parker's counterclaims as a sanction for failure to prosecute and comply with Court orders. (ECF No. 57). The Court adopts and incorporates the detailed recitation of the complicated procedural history of this case contained in the R&R. (*Id.* at PageID #582–87). In relevant part, Ms. Parker failed to appear for three separate status conferences scheduled on November 12, 2024, May 14, 2025, and July 9, 2025. (*Id.* at PageID #583–85). After missing the most recent status conference, Magistrate Judge Armstrong issued an Order to Show Cause ordering Ms. Parker to appear in person at a show cause hearing scheduled on July 29, 2025, and warning her that "failure to appear at the show cause

1

hearing may result in the recommendation of immediate sanctions, including dismissal of Ms. Parker's counterclaims with prejudice, monetary penalties, or any other appropriate sanction." (*Id.* at PageID #585–86; ECF No. 55, PageID #542 (original in bold)).  Ms. Parker failed to attend the July 29, 2025 show cause hearing.  (ECF No. 57, PageID #586–87).

Analyzing the relevant *Mulbah*[1] factors, Magistrate Judge Armstrong found that: (i) Ms. Parker's failure to attend the three status conferences and the show cause hearing was the result of willfulness, bad faith, or fault; (ii) Plaintiff was prejudiced by her conduct; (iii) Ms. Parker was warned that her failure to appear at court-ordered conferences would result in dismissal of her counterclaims; and (iv) lesser sanctions would fail to protect the integrity of the pretrial process or secure Ms. Parker's future compliance with Court orders.  (*Id.* at PageID #588–91).  Ultimately, Magistrate Judge Armstrong recommended that the Court dismiss Ms. Parker's counterclaims (ECF No. 16) without prejudice as a sanction for her failure to prosecute and comply with Court orders, and deny Plaintiff's Motion to Dismiss (ECF No. 26) as moot.  (*Id.* at PageID #591).

The R&R also gave the parties notice of the 14-day deadline for filing objections.[2]  (*Id.* at PageID #591–92).  The notice warned the parties that "[f]ailure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals[.]" (*Id.* at PageID #592).  The 14-day deadline has passed and no objections have been filed.

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the R&R to which the parties have objected.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ.

---

[1] *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586 (6th Cir. 2001).
[2] Fed. R. Civ. P. 72(b)(2) provides that the parties may object to a Magistrate Judge's R&R within 14 days after service.

P. 72(b)(3). Absent objection, a district court may adopt a R&R without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985).

There being no objections, the Court **ADOPTS** Magistrate Judge Armstrong's R&R (ECF No. 57) and incorporates it fully herein by reference. Ms. Parker's countercomplaint (ECF No. 16) is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's Motion to Dismiss (ECF No. 26) is **DENIED as MOOT**.

**IT IS SO ORDERED.**

Date: September 2, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**