**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CURTIS CLARK, | ) | CASE NO. 5:24-CV-1312 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| DEBORAH PARKER, *et al.*, | ) | |
| | ) | |
| | ) | **REPORT AND** |
| Defendants. | ) | **RECOMMENDATION** |
| | ) | |

On August 29, 2024, Plaintiff Curtis Clark filed an amended complaint against Defendants Sandra Clark ("Ms. Clark"), Deborah Parker ("Ms. Parker'), and Cathy Jones ("Ms. Jones"). (ECF No. 9). Although nearly 14 months have passed since the Amended Complaint was filed, Mr. Clark still has not effectuated service of process on Ms. Clark despite multiple extensions, and despite warnings that failure to serve Ms. Clark could result in dismissal of his claims against her. Accordingly, and on my own initiative, I recommend that the Court dismiss Mr. Clark's claims against Ms. Clark without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

**I.     PROCEDURAL HISTORY**

On July 31, 2024, Mr. Clark filed his complaint against Ms. Clark, Ms. Parker, Ms. Jones, and various John Does. (ECF No. 1). On August 29, 2024, Mr. Clark filed an Amended Complaint. (ECF No. 9). The Amended Complaint alleges that Ms. Clark, Ms. Parker, and

1

Ms. Jones fraudulently transferred and conveyed Mr. Clark's in certain real property, and asserts the following counts: (1) fraudulent conversion; (2) civil conspiracy; (3) unjust enrichment/quantum meruit; (4) slander of title; and (5) declaratory judgment, injunctive relief, and quiet title.

Mr. Clark timely served Ms. Parker and filed an affidavit of service. (ECF No. 4). On September 4, 2024, Mr. Clark filed a notice of dismissal with respect to Ms. Jones. (ECF No. 10). The Court construed Mr. Clark's notice of dismissal as a motion to dismiss Ms. Jones pursuant to Federal Rule of Civil Procedure 21 and dismissed the claims against her without prejudice. (ECF No. 11).

On October 2, 2024, the Court referred the case to Magistrate Judge Jonathan D. Greenberg for general pretrial supervision and resolution of non-dispositive motions. (ECF No. 23). Following a December 12, 2024 status conference, Magistrate Judge Greenberg issued an order giving Mr. Clark until January 2, 2025 to effectuate service of process on Ms. Clark. (ECF No. 33). On the same day, the Clerk of Court attempted to serve the summons and amended complaint on Ms. Clark through certified mail. (*See* ECF non-document entry dated December 12, 2024). On June 16, 2025, the Clerk filed an unexecuted return of service on Mr. Clark's behalf, indicating that the postal service returned the summons and amended complaint to the Clerk because they could not be delivered at the listed address and could not be forwarded. (ECF No. 50).

On May 20, 2025, Magistrate Judge Greenberg recused himself from the case. (ECF No. 49). On the same day, I was assigned to the case, and the Court referred the matter to me for general pretrial supervision and the resolution of non-dispositive motions. (*See* ECF non-document entry dated May 20, 2025).

On July 9, 2025, the parties appeared before me for a status conference. At the conference, Mr. Clark's counsel advised that service had not yet been effectuated on Ms. Clark. (*See* ECF non-document entry dated July 9, 2025). Accordingly, I ordered that, by August 7, 2025, Mr. Clark must either file proof of service on Ms. Clark or show cause why his claims against her should not be dismissed pursuant to Rule 4(m). *Id*. I also granted the motion of Mr. Clark's counsel to withdraw and noted that Mr. Clark would continue to represent himself *pro se*. *Id*.

Mr. Clark did not file proof of service by August 7, 2025. Nor did he file a response to the show cause order. On August 12, 2025, I entered an order giving him until August 26, 2025 to do so. (*See* ECF non-document entry dated August 12, 2025). I also warned Mr. Clark that failure to comply with my July 9, 2025 order would "result in a recommendation that the case against Ms. Clark should be dismissed without further notice." *Id*.

On August 25, 2025, Mr. Clark filed a declaration in response to my show cause order. (ECF No. 58). In the declaration, Mr. Clark states that his former attorney attempted to effectuate service on Ms. Clark on several occasions, but that Ms. Clark is allegedly being controlled by Ms. Parker and is evading service. Mr. Clark further states that he hired a local process server, who also was unable to effectuate service. Mr. Clark requests leave to serve Ms. Clark by alternative means, including by publication or by email.

II. <u>**ANALYSIS**</u>

Federal Rule of Civil Procedure 4(m) provides that a plaintiff must serve a defendant with a summons and a copy of the complaint within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). Rule 4(m) further provides that, if the plaintiff does not effectuate service on the defendant within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that

3

service be made within a specified time." *Id*. Mr. Clark does not expressly ask the Court to extend the time for service. However, he does request authorization to serve Ms. Clark through alternative means, and I will construe his declaration as a request for an extension of time to effectuate service as well.

"How a district court should respond to a motion to enlarge the time for service of process depends on the circumstances." *United States v. Oakland Physicians Med. Ctr.*, *LLC*, 44 F.4th 565, 568 (6th Cir. 2022). "If a plaintiff demonstrates good cause for the failure to timely serve process, the court must extend the time for service." *Id*. (citing Fed. R. Civ. P. 4(m))."Rule 4(m) provides no definition for 'good cause,' but the Sixth Circuit has defined it as a 'reasonable[,] diligent effort to timely effect service of process.'" *Waseleski v. City of Brooklyn*, No. 1:23-cv-00548, 2024 WL 1767279, at *3 (N.D. Ohio Apr. 24, 2024) (quoting *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. Mar. 1, 2023)).

Based on the record before me, Mr. Clark has not shown reasonable, diligent efforts to timely effect service on Ms. Clark. It is true that the Clerk of Court attempted to serve Ms. Clark by certified mail in December 2024. (ECF No. 50). Mr. Clark also avers that his prior counsel attempted to serve Ms. Clark through unspecified means on "several occasions" and that Mr. Clark himself hired a process server. (ECF No. 58). However, Mr. Clark provides no details whatsoever regarding those service efforts, including when they occurred, what methods his counsel employed, why service was unsuccessful, and whether Mr. Clark has made any recent service efforts. Given the paucity of information regarding Mr. Clark's attempts at service, I cannot conclude that he has shown good cause for his failure to serve Ms. Clark.

"[A]bsent a finding of good cause, the court retains discretion as to whether or not to enlarge [Rule 4(m)'s] timeframe." *Oakland Physicians*, 44 F.4th at 568 (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)). The Sixth Circuit has set forth seven factors that a court should consider when deciding whether to extend the time for service in the absence of a finding of good cause: (1) whether the extension would be well beyond the timely service of process; (2) whether the extension would prejudice the defendant beyond having to defend the suit; (3) whether the defendant had actual notice of the suit; (4) whether the court's refusal would prejudice the plaintiff, including whether the lawsuit would be time-barred; (5) whether the plaintiff made any good faith efforts to effect service; (6) whether the plaintiff is a *pro se* litigant; and (7) whether any unique equitable factors exist. *Id*. at 569.

Weighing those factors, I conclude that dismissal without prejudice is warranted. With respect to the first factor, another extension would go far beyond the original service deadline, as Mr. Clark filed his amended complaint on August 29, 2024, more than a year ago. (ECF No. 9). I also conclude that Ms. Clark would be prejudiced by another extension at this late date, as the case has a looming discovery cutoff of November 21, 2025 and a dispositive motion deadline of January 23, 2026. (*See* ECF non-document entry dated July 9, 2025).

With respect to the third factor, it is unclear whether Ms. Clark has received actual notice of the suit. Given that this case involves a dispute among family members, however, it is certainly conceivable that Ms. Clark has received notice, so I will assume that this factor weighs in Mr. Clark's favor. Mr. Clark is currently acting *pro se* and avers that he has made some prior service efforts, which also weigh in his favor. However, I note that Mr. Clark was represented by counsel for a large portion of this litigation. In addition, Mr. Clark's

5

declaration is vague regarding the steps he and his counsel have taken to effectuate service, as discussed above.

Mr. Clark has not argued that his claims against Ms. Clark would be time-barred. Even assuming some or all of Mr. Clark's claims against Ms. Clark could be time-barred, however, "whether the applicable statute of limitations has run is only one of several factors that a court must consider in deciding whether to grant a discretionary extension of time." *Oakland Physicians*, 44 F.4th at 570. The Sixth Circuit has agreed with other circuits that "the running of the statute of limitations does not *require* a court to grant a discretionary extension." *Id*. Finally, Mr. Clark has not argued that he would experience any specific prejudice if his claims against Ms. Clark were dismissed and has not identified any other unique equitable factors.

Considering the factors as a whole, I conclude that they weigh against a further extension of the service deadline and in favor of dismissing the claims against Ms. Clark without prejudice. Mr. Clark has had more than a year to serve Ms. Clark but has been unable to effectuate service despite multiple extensions from the Court. While I acknowledge that Mr. Clark has made service efforts, the limited information he provided regarding those efforts, combined with the advanced stage of the litigation and the prejudice Ms. Clark would suffer if she were added as a defendant at this late date, do not justify a further extension.

Nor is Mr. Clark's request for permission to serve Ms. Clark by alternate means, such as publication or email, well-taken. The Federal Rules of Civil Procedure do not authorize service by publication or email. However, Rule 4(e) provides that an individual located in the United States may be served by following state law for serving a summons in the state where the district court is located or where service is made. *See* Fed. R. Civ. P. 4(e)(1).

Ohio does not allow service of process by email. *See McLemore v. Clinton County Sheriff's Office*, 214 N.E.3d 723, 738 (Ohio Ct. App. 2023). Ohio does permit service by publication in certain limited circumstances, which differ depending on whether the plaintiff knows the defendant's address. Ohio Rule of Civil Procedure 4.4(A) provides that, where the defendant's address is unknown, service "shall be made by publication in actions where such service is authorized by law." Ohio Civ.R. 4.4(A). Section 2703.14 of the Ohio Revised Code sets forth certain limited circumstances where service by publication is authorized by law, including in "an action for the recovery of real property or of an estate or interest in real property, when the defendant is not a resident of this state or his place of residence cannot be ascertained." O.R.C. § 2703.14(A). Even where service by publication is authorized, however, the party must file an affidavit "aver[ring] that service of summons cannot be made because the residence of the party to be served is unknown to the affiant, all the efforts made on behalf of the party to ascertain the residence of the party to be serviced, and that the residence of the party to be served cannot be ascertained with reasonable diligence." Ohio Civ.R. 4.4(A)(1).

"[W]hen . . . a party attempts to obtain service by publication, strict compliance with Civ.R. 4.4 is required." *Dowers v. Krause*, No. C-030644, 2004 WL 595639, at *2 (Ohio Ct. App. Mar. 26, 2004). To the extent Mr. Clark is seeking to rely on Rule 4.4(A), he has not complied with the plain language of the rule. In his declaration, he does not state that Ms. Clark's address is unknown or that Mr. Clark cannot discover her address with reasonable diligence. Instead, he says only that he has been unable to serve Ms. Clark and that she is evading service. That is insufficient to authorize service by publication under Rule 4.4(A).

7

Alternatively, Ohio Rule of Civil Procedure 4.4(B) governs where the plaintiff knows the defendant's address but is nonetheless unable to effectuate service. Like Rule 4.4(A), Rule 4.4(B) provides that service through publication may be effectuated if "the action is one in which service of publication is authorized by law . . . ." Ohio Civ.R. 4.4(B). Before resorting to service by publication, however, the plaintiff must show that process cannot be effected by traditional means. *Id*.

For the reasons discussed above, Mr. Clark has failed to show that Ms. Clark cannot be served through personal service or other traditional means. As noted, Mr. Clark has provided no details whatsoever regarding his prior service attempts, including what methods his counsel employed; where, how, and when counsel attempted service; when Mr. Clark hired a process server; and how many service attempts the process server made. Given the limited information Mr. Clark provided, I cannot say that service through traditional means is unavailable.

Mr. Clark has not met his burden under Rule 4(m) or Ohio Civ.R. 4.4, and I recommend that the Court dismiss the claims against Ms. Clark without prejudice in light of Mr. Clark's failure to effectuate timely service of process.

### III. **CONCLUSION**

For the foregoing reasons, I recommend that the Court dismiss Mr. Clark's claims against Ms. Clark without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Dated: October 22, 2025  *s/ Jennifer Dowdell Armstrong*
Jennifer Dowdell Armstrong
United States Magistrate Judge

## IV. NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes

9

judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).