# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CURTIS CLARK, | ) | CASE NO. 5:24-cv-1312 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBORAH PARKER, *et al.*, | ) | **ORDER ADOPTING MAGISTRATE'S** |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

On July 31, 2024, Plaintiff Curtis Clark initiated this action by filing a complaint against Defendants Deborah Parker, Sandra Clark, and Cathy Jones, alleging that the defendants engaged in the fraudulent transfer and conveyance of interest in the property located at 3423 Dueber Avenue SW, Canton, Ohio 44706. (ECF No. 1). On August 22, 2024, Plaintiff filed proof of personal service on Defendant Parker. (ECF No. 4). Plaintiff filed an amended complaint against Defendants Deborah Parker, Sandra Clark, and Cathy Jones on August 29, 2024. (ECF No. 9). Defendant Parker filed an answer to the amended complaint. (ECF No. 16). On September 4, 2024, Defendant Jones was dismissed from this action after the Court granted Plaintiff's construed Rule 21 motion to dismiss. (ECF No. 10; Order [non-document] dated Sept. 4, 2024).

Although more than a year has passed since the filing of this case, Plaintiff has yet to effectuate service on Defendant Sandra Clark. At an in-person status conference on December 12, 2024, Magistrate Judge Jonathan Greenberg informed Plaintiff that he had until January 2, 2024 to perfect service on Defendant Clark. (ECF No. 33). At a status conference on July 9, 2025, Plaintiff informed Magistrate Judge Jennifer Armstrong that he still had not effectuated service upon Defendant Clark. (Minutes of proceedings [non-document] dated July 9, 2025). Magistrate

1

Judge Armstrong ordered Plaintiff to either file valid proof of service upon Defendant Clark or show cause why this case should not be dismissed against her pursuant to Fed. R. Civ. P. 4(m) by August 7, 2025. (*Id.*).

On August 12, 2025, Magistrate Judge Armstong issued an order that: (i) took notice of Plaintiff's non-compliance with the July 9, 2025 Order; and (ii) warned Plaintiff that "failure to comply with the July 9, 2025 Order on or before August 26, 2025 will result in a recommendation that the case against Ms. Clark should be dismissed without further notice." (Order [non-document] dated Aug. 12, 2025). On August 25, 2025, Plaintiff filed a sworn declaration stating that he and his former counsel had made several attempts to serve Defendant Clark, which included hiring a local process server, but all attempts had been unsuccessful. (ECF No. 58, PageID #594). Plaintiff contends that Defendant Clark is evading service and requests alternative service through publication or email. (*Id.*).

On October 22, 2025, Magistrate Judge Armstrong issued a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's claims against Defendant Clark without prejudice pursuant to Rule 4(m). (ECF No. 60). Analyzing the record, Magistrate Judge Armstrong found that Plaintiff "has not shown reasonable, diligent efforts to timely effect service on Ms. Clark." (*Id.* at PageID #611). The R&R provides the following analysis:

> It is true that the Clerk of Court attempted to serve Ms. Clark by certified mail in December 2024. (ECF No. 50). Mr. Clark also avers that his prior counsel attempted to serve Ms. Clark through unspecified means on "several occasions" and that Mr. Clark himself hired a process server. (ECF No. 58). However, Mr. Clark provides no details whatsoever regarding those service efforts, including when they occurred, what methods his counsel employed, why service was unsuccessful, and whether Mr. Clark has made any recent service efforts. Given the paucity of information regarding Mr. Clark's attempts at service, I cannot conclude that he has shown good cause for his failure to serve Ms. Clark.

2

(*Id.*). Weighing the relevant factors for extending the time for service in the absence of good cause, the Magistrate Judge concluded that the factors weighed against granting another extension and dismissal without prejudice was warranted. (*Id.* at PageID #612–13).

Addressing the request for alternative service, Judge Armstrong found that: (i) service by email was not permitted under Ohio law; and (ii) as for service by publication, Plaintiff had not met his burden under Rule 4(m) or Ohio Civ. R. 4.4 of demonstrating that service of process could not be perfected by traditional means. (*Id.* at PageID #613–15). The R&R also gave the parties notice of the 14-day deadline for filing objections.[1] (*Id.* at PageID #616–17). The notice warned the parties that "[f]ailure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals[.]" (*Id.* at PageID #616). The deadline has passed and no objections have been filed.

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the R&R to which the parties have objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Absent objection, a district court may adopt a R&R without further review. *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985).

There being no objections, the Court **ADOPTS** Magistrate Judge Armstrong's R&R (ECF No. 60) and incorporates it fully herein by reference. Plaintiff's claims against Defendant Sandra Clark are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).

---

[1] Fed. R. Civ. P. 72(b)(2) provides that the parties may object to a Magistrate Judge's R&R within 14 days after service.

**IT IS SO ORDERED.**

Date: November 13, 2025

_____
**CHARLES E. FLEMING
UNITED STATES DISTRICT JUDGE**