**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CURTIS CLARK, | ) | CASE NO. 5:24-CV-1312 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| DEBORAH PARKER, *et al.*, | ) | |
| | ) | |
| | ) | **SUPPLEMENTAL REPORT AND** |
| Defendants. | ) | **RECOMMENDATION** |
| | ) | |

## I.     INTRODUCTION

On August 29, 2024, Plaintiff Curtis Clark filed an amended complaint against Defendants Sandra Clark ("Ms. Clark"),[1] Deborah Parker ("Ms. Parker'), and Cathy Jones ("Ms. Jones"). (ECF No. 9.) Although nearly 18 months have passed since the Amended Complaint was filed, Mr. Clark still has not effectuated service of process on Ms. Clark despite multiple extensions, and despite warnings that failure to serve Ms. Clark could result in dismissal of his claims against her.

On October 22, 2025, I issued a Report and Recommendation that the Court dismiss Mr. Clark's claims against Ms. Clark without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 60.) While the Court initially adopted my recommendation, it later vacated that

---

[1] Ms. Clark is also referred to in some filings as "Saundra Clark-Kamaly."

1

order after Mr. Clark filed an objection in which he provided additional detail regarding his efforts to serve Ms. Clark. (ECF Nos. 61, 63.) The Court also referred this matter to me to "consider the issues raised in Plaintiff's Objections, particularly the renewed motion for extension of time and affidavit of attempted service, and to issue a Supplemental Report and Recommendation." (*Id.*) The Order also "emphasize[d] that the instant referral should not be construed as the Court passing judgment on the conclusions in the R&R nor the merits of the arguments in the Objections." (*Id.*)

Pursuant to the Court's order, I have carefully considered the additional information that Mr. Clark provided in his objection. However, I conclude that Mr. Clark is not entitled to a further extension of the service deadline under Rule 4(m). Nor has Mr. Clark shown that the Court should authorize alternative service, such as service by electronic mail or publication. Accordingly, I RECOMMEND that the Court dismiss Mr. Clark's claims against Ms. Clark without prejudice for failure to effectuate timely service.

I. **PROCEDURAL HISTORY**

On July 31, 2024, Mr. Clark filed his complaint against Ms. Clark, Ms. Parker, Ms. Jones, and various John Does. (ECF No. 1.) On August 29, 2024, Mr. Clark filed an Amended Complaint. (ECF No. 9.) Mr. Clark timely served Ms. Parker and filed an affidavit of service. (ECF No. 4.) On September 4, 2024, Mr. Clark filed a notice of dismissal with respect to Ms. Jones. (ECF No. 10.) The Court construed Mr. Clark's notice of dismissal as a motion to dismiss Ms. Jones pursuant to Federal Rule of Civil Procedure 21 and dismissed the claims against her without prejudice. (ECF No. 11.)

On October 2, 2024, the Court referred the case to Magistrate Judge Jonathan D. Greenberg for general pretrial supervision and resolution of non-dispositive motions. (ECF No. 23.) Following a December 12, 2024 status conference, Magistrate Judge Greenberg

issued an order giving Mr. Clark until January 2, 2025 to effectuate service of process on Ms. Clark. (ECF No. 33.) On the same day, the Clerk of Court attempted to serve the summons and amended complaint on Ms. Clark through certified mail. (*See* ECF non-document entry dated December 12, 2024.) On June 16, 2025, the Clerk filed an unexecuted return of service on Mr. Clark's behalf, indicating that the postal service returned the summons and amended complaint to the Clerk because they could not be delivered at the listed address and could not be forwarded. (ECF No. 50.)

On May 20, 2025, Magistrate Judge Greenberg recused himself from the case. (ECF No. 49.) On the same day, I was assigned to the case, and the Court referred the matter to me for general pretrial supervision and the resolution of non-dispositive motions. (*See* ECF non-document entry dated May 20, 2025.)

On July 9, 2025, the parties appeared before me for a status conference. At the conference, Mr. Clark's counsel advised that service had not yet been effectuated on Ms. Clark. (*See* ECF non-document entry dated July 9, 2025.) Accordingly, I ordered that, by August 7, 2025, Mr. Clark must either file proof of service on Ms. Clark or show cause why his claims against her should not be dismissed pursuant to Rule 4(m). *Id*. I also granted the motion of Mr. Clark's counsel to withdraw and noted that Mr. Clark would continue to represent himself *pro se*. *Id*.

Mr. Clark did not file proof of service by August 7, 2025. Nor did he file a response to the show cause order. On August 12, 2025, I entered an order giving him until August 26, 2025 to do so. (*See* ECF non-document entry dated August 12, 2025.) I also warned Mr. Clark that failure to comply with my July 9, 2025 order would "result in a recommendation that the case against Ms. Clark should be dismissed without further notice." *Id*.

3

On August 25, 2025, Mr. Clark filed a declaration in response to my show cause order. (ECF No. 58.) In the declaration, Mr. Clark stated that his former attorney attempted to effectuate service on Ms. Clark on several occasions, but that Ms. Clark is allegedly being controlled by Ms. Parker and is evading service. Mr. Clark further stated that he hired a local process server, who also was unable to effectuate service. Mr. Clark requested leave to serve Ms. Clark by alternative means, including by publication or by email.

On October 22, 2025, I issued a Report and Recommendation, recommending that the Court dismiss Mr. Clark's claims against Ms. Clark without prejudice pursuant to Federal Rule of Civil Procedure 4(m) because he had not effectuated timely service upon her. (ECF No. 60.) On November 13, 2025, the Court adopted my Report and Recommendation and dismissed Mr. Clark's claims against Ms. Clark without prejudice. (ECF No. 61.)

That same day, Mr. Clark filed a Notice of Objections to my R&R and Motion for Extension of Time to Effect Service on Saundra Clark-Kamaly for 60 days. (ECF No. 62.) In his Objections, Mr. Clark maintained that he has made reasonable, diligent efforts to effectuate service. He attached an Affidavit of Attempted Service stating in relevant part: (1) on July 13, 2025, he retained a process server in Chiago to attempt service of process; (2) prior counsel "personally made several prior attempts to effect services and those attempts are documented in the record"; and (3) these attempts have been unsuccessful. (*Id.*) Mr. Clark therefore requested that the Court grant him an extension of time to effect service or "allow service by alternative means, e.g., service by mail to last known address plus an affidavit of non-ascertainable residence, or service by publication if the Court authorizes it under the applicable rules."

4

In light of this filing, the Court issued an order accepting the potentially late-filed objections and vacating its November 13, 2025 order adopting the Report and Recommendation. (ECF No. 63.) The Order referred this matter to me to "consider the issues raised in Plaintiff's Objections, particularly the renewed motion for extension of time and affidavit of attempted service, and to issue a Supplemental Report and Recommendation." (*Id.*) The Order also "emphasize[d] that the instant referral should not be construed as the Court passing judgment on the conclusions in the R&R nor the merits of the arguments in the Objections."  (*Id.*)

On November 26, 2025, Ms. Clark purportedly filed a Motion to Retain Counsel. (ECF No. 64.) This Motion appeared similar to previous motions filed by Defendant Deborah Clark, including the representation that Ms. Clark previously filed a no-contact order. (*Id.*)

On December 2, 2025, I issued an order setting a Zoom status conference on December 29, 2025 in light of Ms. Clark's Motion to Retain Counsel. (Non-document order dated Dec. 2, 2025.) In that non-document order, I ordered Mr. Clark, Ms. Parker, and Ms. Clark to attend and warned that failure to attend may result in the recommendation of sanctions without further notice. (*Id.*) I also stated that Mr. Clark may file a response to Ms. Clark's Motion to Retain Counsel on or before December 15, 2025. And I stated that if Ms. Parker wished to file a reply in support of her Motion to Retain Counsel, she must do so within 7 days after Mr. Clark filed his response. Mr. Clark filed an Opposition to Ms. Clark's Motion to Retain Counsel on December 17, 2025. (ECF No. 65.)  Ms. Clark did not file a reply.

On December 29, 2025, due to a family medical emergency, I re-set the status conference scheduled for December 29, 2025 to January 20, 2026. And on January 6, 2026, I entered the following non-document order:

5

> On 11/26/2025, Defendant Sandra Clark filed a request for 30 days to obtain counsel (ECF No. 64 ). Because 30 days have passed since the filing of the motion (ECF No. 64 ), the motion is DENIED AS MOOT. If Ms. Clark has retained counsel, counsel shall file a notice of appearance prior to the 1/20/2026 Zoom status conference and appear at that status conference. Ms. Clark will represent herself in this case unless and until counsel files a notice of appearance. Plaintiff Curtis Clark, Defendant Deborah Parker, and Defendant Sandra Clark are ORDERED to attend the Zoom status conference on 1/20/2026 at 1:00 p.m. No continuances of the status conference will be granted. Among other issues, the Court will discuss the status of service on Ms. Clark. The parties are on notice that failure to attend the 1/20/2026 status conference may result in the recommendation of sanctions without further notice, including monetary penalties or any other appropriate sanction for failing to comply with court orders and to appear as required.

(Non-document order dated Jan. 6, 2026.)

On January 9, 2026, Mr. Clark filed a Declaration in Support of Continued Efforts to Effectuate Service and Request for Alternative Service and/or Judgment. ("Declaration," ECF No. 67.) In the Declaration and accompanying documents, Mr. Clark reiterates that he hired a process server in Chicago to effectuate service. (*Id.*) Mr. Clark further states that service attempts on three occasions in December 2025 were unsuccessful because there is a locked fence in the front and back of the property. (*Id.*) Mr. Clark again asked the Court to authorize alternative methods of service, including: (1) service by publication in a newspaper of general circulation in Stark County, Ohio; (2) service by electronic mail to Ms. Clark's last-known and actively used mail address(es); and (3) service by regular U.S. mail to Defendant's last-known residential mailing address. (*Id.*)

On January 20, 2026, I attempted to hold a status conference with the parties. (Non-document minutes dated Jan. 20, 2026.) Mr. Clark appeared for the status conference. (*Id.*) Ms. Parker briefly appeared, then immediately threatened to call 911 and exit the Zoom status conference because she stated that Mr. Clark allegedly violated a no-contact order against her. (*Id.*) I ordered Ms. Parker to remain on the line to participate in the status conference.

6

Ms. Parker ignored this order and exited the Zoom hearing. (*Id.*) I continued the status conference with Mr. Clark, who requested a brief extension of the summary judgment deadline, which was set for January 23, 2026. (*Id.*) I granted Mr. Clark's oral motion and re-set the summary judgement deadline to February 6, 2026. (*Id.*)[2]

On January 29, 2026, Mr. Clark filed a Motion for Summary Judgement and Motion (Request) for Sanctions (ECF No. 70). And on February 3, 2026, Mr. Clark filed an Amended Motion for Summary Judgment and Motion (Request) for Sanctions. (ECF No. 71.)

## II.   ANALYSIS

Federal Rule of Civil Procedure 4(m) provides that a plaintiff must serve a defendant with a summons and a copy of the complaint within 90 days after the complaint is filed. *See* Fed. R. Civ. P. 4(m). Rule 4(m) further provides that, if the plaintiff does not effectuate service on the defendant within 90 days, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *Id*.

"How a district court should respond to a motion to enlarge the time for service of process depends on the circumstances." *United States v. Oakland Physicians Med. Ctr.*, LLC, 44 F.4th 565, 568 (6th Cir. 2022). "If a plaintiff demonstrates good cause for the failure to timely serve process, the court must extend the time for service." *Id.* (citing Fed. R. Civ. P.

---

[2] That same day, I separately issued an Order to Show Cause, which ordered Ms. Parker to file a written explanation on or before February 6, 2026 to "show cause why this Court should not recommend sanctions (including default judgment, monetary penalties, or any other appropriate sanction) for failure to comply with Court orders and appear as required for scheduled status conference." (*Id.*) I also stated that "Ms. Parker is on notice that failure to comply with this deadline may result in the recommendation of immediate sanctions, including default judgment, monetary penalties, or any other appropriate sanctions." (*Id.*) And I advised Ms. Parker that I would not grant any extensions to this order to show cause deadline. To date, Ms. Parker has failed to file any written explanation as to why I should not recommend sanctions based on her numerous failures to attend court-ordered conferences. A separate Report and Recommendation recommending sanctions against Ms. Parker is being issued contemporaneous with this Supplemental Report and Recommendation.

7

4(m)). "Rule 4(m) provides no definition for 'good cause,' but the Sixth Circuit has defined it as a 'reasonable[,] diligent effort to timely effect service of process.'" *Waseleski v. City of Brooklyn*, No. 1:23-cv-00548, 2024 WL 1767279, at *3 (N.D. Ohio Apr. 24, 2024) (quoting *Thul v. Haaland*, No. 22-5440, 2023 WL 6470733, at *2 (6th Cir. Mar. 1, 2023)).

In his objections to my prior Report and Recommendation, Mr. Clark requested an additional 60 days from November 13, 2025 to serve Ms. Clark. (ECF No. 62.) The 60-day period that Mr. Clark requested expired more than a month ago, and Mr. Clark still has not filed proof of service or otherwise indicated that he successfully served Ms. Clark. To the contrary, Mr. Clark states that he made three additional service attempts in December but that those attempts were unsuccessful. (ECF No. 67.)

Mr. Clark has not established good cause for an additional extension of the service deadline. I acknowledge that Mr. Clark's recent filings show that he made several recent attempts to serve Ms. Clark through a process server. I also acknowledge that the materials Mr. Clark submitted in connection with his objection to my R&R show that Mr. Clark's prior counsel made several attempts at service and that Mr. Clark hired a process server in July 2025. (ECF No. 62.) However, Mr. Clark has not provided any additional detail regarding the process server's attempts at service in July 2025. Nor does he explain what, if any, service attempts he made between July 2025 and December 2025. This case has been pending since July 31, 2024, a period of more than 18 months. While Mr. Clark has made some efforts to serve Ms. Clark at certain points during that period, I find that he has not made reasonable, diligent efforts to effectuate service on Ms. Clark throughout the pendency of the litigation.

"[A]bsent a finding of good cause, the court retains discretion as to whether or not to enlarge [Rule 4(m)'s] timeframe." *Oakland Physicians*, 44 F.4th at 568 (citing *Henderson v.*

8

*United States*, 517 U.S. 654, 662 (1996)). The Sixth Circuit has set forth seven factors that a court should consider when deciding whether to extend the time for service in the absence of a finding of good cause: (1) whether the extension would be well beyond the timely service of process; (2) whether the extension would prejudice the defendant beyond having to defend the suit; (3) whether the defendant had actual notice of the suit; (4) whether the court's refusal would prejudice the plaintiff, including whether the lawsuit would be time-barred; (5) whether the plaintiff made any good faith efforts to effect service; (6) whether the plaintiff is a *pro se* litigant; and (7) whether any unique equitable factors exist. *Id*. at 569.

Weighing those factors, I conclude that dismissal without prejudice is warranted. With respect to the first factor, another extension would go far beyond the original service deadline. I also conclude that Ms. Clark would be prejudiced by another extension of the service deadline at this late date given that the discovery cutoff has already passed and that Mr. Clark has filed a pending motion for summary judgment against Ms. Parker. (ECF Nos. 70-71.)

With respect to the third factor, it appears that Ms. Clark has received actual notice of the suit, as she filed a motion to retain counsel on November 26, 2025. (ECF No. 64.) This factor weighs in Mr. Clark's favor, as do Mr. Clark's *pro se* status and his prior service efforts. However, I also note that Mr. Clark was represented by counsel for a large portion of this litigation and did not effectuate service during that time. And, as discussed above, while Mr. Clark did make prior service attempts, there remain large gaps in the record where it does not appear that he was attempting to serve Ms. Clark.

Mr. Clark asserts that his claims against Ms. Clark may be time-barred if the Court dismisses them without prejudice. Even assuming that is true, however, "whether the applicable statute of limitations has run is only one of several factors that a court must

9

consider in deciding whether to grant a discretionary extension of time." *Oakland Physicians*, 44 F.4th at 570. The Sixth Circuit has agreed with other circuits that "the running of the statute of limitations does not *require* a court to grant a discretionary extension." *Id*. Finally, Mr. Clark has not identified any other unique equitable factors.

Considering the factors as a whole, I conclude that they weigh against a further extension of the service deadline and in favor of dismissing the claims against Ms. Clark without prejudice. Mr. Clark has had approximately 18 months to serve Ms. Clark but has not done so despite multiple extensions from the Court. While I acknowledge that Mr. Clark has made efforts to effectuate service, the apparently sporadic nature of those efforts, combined with the advanced stage of the litigation and the prejudice Ms. Clark would suffer if she were added as a defendant at this late date, do not justify a further extension. Accordingly, I recommend that the Court dismiss Mr. Clark's claims against Ms. Clark without prejudice for failure to effectuate timely service of process. And, because I conclude that dismissal without prejudice is appropriate, I need not address Mr. Clark's request for leave to use specific alternative methods of service to effectuate service on Ms. Clark.

### III.  CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss Mr. Clark's claims against Ms. Clark without prejudice pursuant to Federal Rule of Civil Procedure 4(m).

Dated: February 24, 2026                              *s/ Jennifer Dowdell Armstrong*
                                                      Jennifer Dowdell Armstrong
                                                      United States Magistrate Judge

IV. <u>**NOTICE TO PARTIES REGARDING OBJECTIONS**</u>

Local Rule 72.3(b) of this Court provides:

**Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes

11

judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).