**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CURTIS CLARK, | ) | CASE NO. 5:24-CV-1312 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| DEBORAH PARKER, *et al.*, | ) | |
| | ) | |
| | ) | **REPORT AND** |
| Defendants. | ) | **RECOMMENDATION** |
| | ) | |

Defendant Deborah Parker ("Ms. Parker") has failed to appear at or participate in numerous status conferences in this case. After the most recent instance—in which Ms. Parker immediately left a Zoom hearing despite direct orders to remain—I entered an order requiring her to show cause as to why she should not face sanctions, up to and including entry of a default judgment against her. (ECF No. 68.) She has not responded to that order. Through her conduct, Ms. Parker has exhibited a willful disregard for court orders and has consistently frustrated the orderly litigation of this case. Accordingly, I recommend that the Court enter a default judgment against her.

1

## I. __PROCEDURAL HISTORY__

Plaintiff Curtis Clark ("Plaintiff") filed an Amended Complaint against Ms. Parker, his sister, on August 29, 2024. (ECF No. 9.)[1] On September 23, 2024, Ms. Parker filed her Answer to the Amended Complaint and asserted several counterclaims against Mr. Clark. (ECF No. 16.)

On October 2, 2024, Judge Fleming referred this case to Magistrate Judge Jonathan Greenberg, the prior magistrate judge, for general pretrial supervision and resolution of non-dispositive motions. (ECF No. 23.) On October 25, 2024, Judge Greenberg set an in-person status conference for November 12, 2024. (Non-document order dated Oct. 25, 2024.) On November 8, 2024, Ms. Parker filed a motion seeking pro bono counsel and a continuance of the November 12, 2024 hearing. (ECF No. 28.) Ms. Parker failed to appear at the November 12, 2024 status conference. (ECF No. 30.)

In his order following the November 12, 2024 status conference, Judge Greenberg noted that Ms. Parker had moved to extend the hearing; however, he stated that "[m]oving for an extension without a court order does not excuse a party's required presence at an in-person status conference." (*Id.*) Significantly, Judge Greenberg noted that "[f]urther non-compliance with the Court's Orders, including failure to appear at Court Ordered events, will result in sanctions. *See Bowles v. City of Cleveland,* 129 F. App'x 239, 240 (6th Cir. 2005)." (*Id*.) Judge Greenberg also denied Ms. Parker's motion for pro bono counsel without prejudice and directed her to re-file her request pursuant to the Pro Bono Civil Case Protocol,

---

[1] Mr. Clark's Amended Complaint also asserted claims against two other sisters, Sandra Clark and Cathy Jones. On September 4, 2024, the Court construed Mr. Clark's Notice of Dismissal (ECF No. 10) of Cathy Jones as a motion to dismiss under Fed. R. Civ. P. 21, granted the motion, and dismissed the Amended Complaint as to her without prejudice. (ECF No. 11.) Mr. Clark has not yet obtained service on Sandra Clark. I address Mr. Clark's failure to serve Ms. Clark in a separate report and recommendation, issued contemporaneously herewith.

including the Affidavit of Need. (*Id*.) On December 10, 2024, Judge Greenberg appointed Marisa T. Darden and Robert J. Kolansky as pro bono counsel. (ECF No. 32.) Judge Greenberg held a number of status conferences and a case management conference with the parties over the course of the next few months. (*See* ECF Nos. 33, 36, 38.)

On April 25, 2025, Ms. Parker's pro bono counsel moved to withdraw. (ECF No. 41.) On April 28, 2025, Ms. Parker filed a motion requesting the removal of her counsel. (ECF No. 42.) Mr. Clark's attorney also moved to withdraw as counsel. (ECF No. 43.)

On April 28, 2025, Judge Greenberg set a telephonic status conference for May 8, 2025 and ordered Ms. Parker to attend. (Non-document order dated April 28, 2025.)  On May 6, 2025, Ms. Parker filed a motion for an extension of the status conference (ECF No. 44), which Judge Greenberg granted on May 8, 2025, resetting the status conference to May 15, 2025. (Non-document order dated May 8, 2025.)

On May 9, 2025 and May 14, 2025, Ms. Parker moved to extend the upcoming status conference. (ECF Nos. 45-46.) On May 15, 2025 – the date of the status conference – Ms. Parker filed an omnibus motion to continue the status conference for 60 days to provide her time to retain new counsel and to recuse Judge Greenberg and Judge Fleming. (ECF No. 47.) Ms. Parker failed to attend the May 15, 2025 status conference, and Judge Greenberg re-set the telephonic status conference for June 20, 2025. (ECF No. 48.)

After Judge Greenberg recused himself from this case (ECF No. 49), it was reassigned to me on May 20, 2025 for general pretrial supervision and resolution of non-dispositive motions. (Non-document order dated May 20, 2025.)

On May 21, 2025, I re-set the status conference for June 24, 2025 via Zoom. (Non-document order dated May 21, 2025.) On June 24, 2025 – the date of the status conference –

Ms. Parker advised Judge Fleming's chambers that she was currently hospitalized for medical treatment and requested a continuance of the hearing. (Non-document order dated June 24, 2025.) I granted Ms. Parker's motion, re-set the status conference to July 9, 2025 via Zoom, ordered Ms. Parker and Mr. Clark to appear at the status conference, and stated that no further continuances of the status conference would be granted.  (*Id.*)

On July 9, 2025, I held a Zoom status conference with the parties. (Non-document order dated July 9, 2025.)  Ms. Parker failed to appear. Mr. Clark and his lawyer appeared, as did counsel for Ms. Parker. For good cause shown, I granted the motion by Ms. Parker's counsel to withdraw, denied as moot Ms. Parker's motion to withdraw court-appointed attorneys, and granted the motion of Mr. Clark's counsel to withdraw as counsel. (Non-document order dated July 9, 2025.) I also extended the non-expert discovery cut-off and the dispositive motion deadline in this case.  (*Id.*)

On July 10, 2025, I issued an Order to Show Cause regarding Ms. Parker's failure to appear at the July 9, 2025 status conference. (ECF No. 55.) The Order to Show Cause stated that Ms. Parker failed to appear for the July 9, 2025 status conference and provided no excuse or explanation for her failure to do so. (*Id.*) The Order to Show Cause further stated that "the record reflects that prior counsel informed Ms. Parker in writing on June 25, 2025 that the Court was requiring her to attend the status conference on July 9, 2025, and that prior counsel provided her with the Zoom dial-in instructions at that time." (*Id.*) (citing ECF No. 53-1, Exhibit 29.) The Order to Show Cause ordered Ms. Parker to appear in person before me on July 29, 2025 to show cause for her failure to comply with court orders and appear as required for scheduled status conferences. (ECF No. 55.) Finally, the Order to Show Cause warned Ms. Parker that "failure to appear at the show cause hearing may result in the recommendation

of immediate sanctions, including dismissal of Ms. Parker's counterclaims with prejudice, monetary penalties, or any other appropriate sanction." (*Id.*) (emphasis omitted).

Ninety minutes before the show cause hearing was scheduled to take place on July 29, 2025 at the Cleveland courthouse, Ms. Parker appeared in-person at the Akron federal courthouse and filed a five-page, single-spaced motion for continuance. (ECF No. 56.) Ms. Parker stated in her continuance motion that she attempted to call Judge Fleming's chambers on July 9, 2025 but "lost contact" and thus did not attend the status conference. (*Id.* at PageID # 545.) Ms. Parker made this assertion despite the fact that her own filings reflect that prior counsel had informed her that the show cause hearing was to be held by me – not Judge Fleming. (*See* ECF No. 53-1, Exhibit 29.) Ms. Parker's continuance motion also asked me to grant her an extension of the show cause hearing based on fears for her "life, health, and safety" relating to Mr. Clark (ECF No. 56, PageID # 546), despite the fact that Mr. Clark resides in Los Angeles and has never appeared in person for any court hearings in this case, and the courthouse is a secure facility staffed by multiple courtroom security officers and U.S. Marshals.

I denied Ms. Parker's eleventh-hour motion for a continuance (Non-document Order dated July 29, 2025), and she failed to  appear for the July 29, 2025 show cause hearing. Mr. Clark attended by Zoom and made arguments regarding why sanctions were appropriate for Ms. Parker's failure to appear at the show cause hearing and prior status conferences. (Non-document order dated July 30, 2025.)

Following the show cause hearing, I issued an order advising the parties that I would take Ms. Parker's failure to attend the show cause hearing and prior status conferences under advisement. (Non-document order dated July 30, 2025.) On August 14, 2025, I recommended

that the Court dismiss Ms. Parker's counterclaims as a sanction for her failure to prosecute and her failure to comply with court orders. (ECF No. 57.) On September 2, 2025, the Court adopted my report and recommendation and dismissed Ms. Parker's counterclaims without prejudice. (ECF No. 59.)

Ms. Parker's obstructive conduct continued even after the dismissal of her counterclaims. On December 2, 2025, I set a status conference for December 29, 2025,[2] and notified the parties that "failure to attend may result in the recommendation of sanctions without further notice." (Non-document order dated December 2, 2025.)

Ms. Parker briefly appeared at the January 20, 2026 status hearing, which was held by Zoom. After appearing, however, she threatened to call 911 and exit the hearing because she asserted that Mr. Clark had allegedly violated a no-contact order that she had obtained against him. (Non-document order dated January 20, 2026). I ordered Ms. Parker to remain in the hearing, but she ignored the order and exited the Zoom conference. *Id.*

On January 20, 2026, I entered another show cause order against Ms. Parker, ordering her to file a written explanation by February 6, 2026 as to why I should not recommend sanctions, including entry of a default judgment, monetary penalties, or any other appropriate sanction. (ECF No. 68.) I expressly warned Ms. Parker that "failure to comply with this deadline may result in the recommendation of immediate sanctions, including default judgment, monetary penalties, or any other appropriate sanctions." *Id.* I further warned her that I would not grant any extensions of the show cause deadline. *Id.* Ms. Parker did not file a response to the show cause order by February 6, 2026, and has provided no response to date.

---

[2] The status conference was later continued to January 20, 2026.

On January 29, 2026, Mr. Clark filed a motion for summary judgment, in which he also requested that the Court enter sanctions against Ms. Parker as a result of her conduct. (ECF No. 70.)[3]

## II.  ANALYSIS

Federal Rule of Civil Procedure 16(f)(1)(A) provides that a court may issue "any just orders," including any sanctions authorized under Rule 37(b)(2)(a)(ii)-(vii), on a party who fails to appear at a scheduling or other pretrial conference, is substantially unprepared for a conference or fails to participate in good faith, or fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f). Rule 37(b)(2), in turn, provides that sanctions may include "rendering a default judgment against the disobedient party," Fed. R. Civ. P. 37(b)(2)(A)(vi).

A default judgment is "the most severe" sanction available to a district judge. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008). The Sixth Circuit has "noted that this sanction 'is a drastic step which should be resorted to only in the most extreme cases.'" *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 769 (6th Cir. 2019) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)).

The Sixth Circuit considers four factors when determining whether a district judge properly entered a default judgment against a party as a sanction: "1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default

---

[3] Mr. Clark also requested that the Court enter sanctions against Ms. Clark. As discussed in the separate report and recommendation issued contemporaneously herewith, however, Mr. Clark has not effectuated proper service on Ms. Clark and has not shown good cause for his failure to do so. As a result, Ms. Clark has not participated in the case and has not engaged in obstructive conduct like Ms. Parker has. Accordingly, I do not recommend that the Court enter sanctions against Ms. Clark.

judgment; and 4) whether less drastic sanctions were imposed or considered." *Mack*, 270 F. App'x at 376 (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)); *see also KCI USA, Inc. v. Healthcare Essentials, Inc*., 801 F. App'x 928, 934 (6th Cir. 2020). "Bad faith is generally the most important factor." *KCI USA*, 801 F. App'x at 934. "The imposition of sanctions, or the type of sanctions imposed, including the sanction of default judgment, is within the sound discretion of the court based on the facts of each particular case." *Gen. Conf. Corp. of Seventh-Day Adventists v. McGill*, No. 1:06-cv-01207-JDB-egb, 2009 WL 1505710, at *2 (W.D. Tenn. Apr. 16, 2009), *report and recommendation adopted*, 2009 WL 1505738 (W.D. Tenn. May 28, 2009) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976)).

### A. <u>Whether Ms. Parker's failure is due to willfulness, bad faith, or fault</u>

The first factor considers whether Ms. Parker's failure to attend multiple status conferences and show cause hearings was the result of willfulness, bad faith, or fault. This factor is satisfied where a party "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Here, Ms. Parker failed to attend numerous status conferences and left the most recent conference despite my explicit order that she remain. Ms. Parker also failed to attend the July 29, 2025 show cause hearing despite receiving mailed notice of that hearing and despite explicit warnings that failure to attend could result in sanctions. Finally, Ms. Parker did not respond to my most recent order to show cause and has offered no explanation or excuse for her conduct. I find that Ms. Parker's "repeated failure to participate in Court proceedings is more than sufficient to display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wingate v. Wal-Mart Stores,*

*Inc.*, No. 1:16-CV-1785, 2017 WL 1251093, at *5 (N.D. Ohio Mar. 14, 2017) (quotation omitted), *report and recommendation adopted*, 2017 WL 1235006 (N.D. Ohio Apr. 4, 2017); *McGill*, 2009 WL 1505710, at *3 (holding that first factor weighed in favor of default judgment where defendant refused to mediate). The first factor thus weighs in favor of entering a default judgment against Ms. Parker.

### B.   Whether Mr. Clark was prejudiced by Ms. Parker's conduct

The second factor is whether Ms. Parker's actions prejudiced Mr. Clark. This factor also favors entry of a default judgment because Mr. Clark and his then-counsel have incurred time and expense in preparing for and attending multiple court conferences where Ms. Parker failed to appear. *See Wingate*, 2017 WL 1251093 at *5 (holding that defendant was prejudiced where counsel expended time, money, and effort to prepare for and attend multiple court proceedings at which plaintiff did not appear); *McGill*, 2009 WL 1505710, at *3 (holding that plaintiff was prejudiced by defendant's refusal to mediate "given the time and expense incurred in addressing Defendant's failure to follow court orders"). In addition, Ms. Parker's actions have disturbed the orderly progression of this case and have impeded Mr. Clark's ability to obtain resolution of his claims against Ms. Parker. This factor thus weighs in favor of entering a default judgment against Ms. Parker as well.

### C.   Whether Ms. Parker was warned that failure to cooperate could lead to entry of a default judgment against her

The third factor is whether Ms. Parker was warned that failure to appear at court-ordered conferences or to respond to my show cause order could lead to entry of a default judgment. This factor again weighs in favor of entering a default judgment. In my January 6, 2026 order, I expressly warned all parties that "failure to attend the 1/20/2026 status conference may result in the recommendation of sanctions without notice . . . ." (Non-

document order dated January 6, 2026.) In my January 20, 2026 order to show cause, I was even more explicit, informing Ms. Parker that "failure to comply with this deadline may result in the recommendation of immediate sanctions, including default judgment, monetary penalties, or any other appropriate sanction." (ECF No. 68.) Despite that warning, Ms. Parker has not responded to the show cause order. The third factor is thus satisfied as well.

### D. <u>Whether less drastic sanctions were imposed or considered before a default judgment was entered</u>

The fourth and final factor looks to whether less drastic sanctions were imposed or considered. I have considered lesser sanctions but conclude that no sanction short of entry of a default judgment against Ms. Parker would protect the integrity of the pretrial process. Ms. Parker has repeatedly obstructed this litigation by failing to appear at or participate in court-mandated conferences and by failing to respond to court orders. She has been warned on multiple occasions that continuing her behavior could result in sanctions but has persisted despite the Court dismissed her counterclaims as a prior sanction. (ECF No. 59.) Ms. Parker also failed to respond to the most recent show cause order even after being warned that not responding could result in entry of a default judgment.

Under the circumstances, and given the ineffectiveness of past sanctions, there is no reason to believe that a lesser sanction would secure Ms. Parker's compliance with court orders. *See KCI USA*, 801 F. App'x at 936 (holding that district court reasonably held that lesser sanctions would not be effective where prior lesser sanctions did not deter conduct); *Castle Aviation, Inc. v. Aviation Solutions Group, Inc*., No. 5:22-cv-02285, 2024 WL 3673315, at *1 (N.D. Ohio Mar. 22, 2024) (Fleming, J.) (holding that default judgment was appropriate sanction where defendant "has clearly violated this Court's order to attend or have a representative attend multiple status conferences and to show cause"); *Wade Farms, LLC*

*v. Ceed2Med, LLC*, No. 5:19-cv-124-TBR, 2021 WL 2546721, at \*4 (W.D. Ky. June 21, 2021) (finding that default judgment was appropriate where "the Court did utilize the less drastic sanction of a show cause order" and lesser sanction was not effective). The fourth factor thus also weighs in favor of entering a default judgment against Ms. Parker. Accordingly, all four factors weigh in favor of entering a default judgment as a result of Ms. Parker's failure to attend status conferences or respond to orders to show cause, and I recommend that the Court enter a default judgment against her.

That leaves the question of damages. While Mr. Clark's fifth count of his Amended Complaint seeks injunctive and declaratory relief, in counts one through four he seeks monetary damages in "an amount in excess of $75,000." (ECF No. 9, ¶¶ 24, 29, 34, 38.)

Rule 55(b)(2) provides that, after entering a default judgment, a court may conduct hearings when it needs to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). Here, Mr. Clark has not provided a more specific estimate of his claimed damages, nor has he provided any evidence to substantiate those damages. Accordingly, I recommend that the Court order Mr. Clark to file affidavits and other documentary evidence within 14 days sufficient to enable the Court to determine Mr. Clark's damages with a reasonable degree of certainty, with a hearing on damages to follow as necessary. *See also Wade Farms*, 2021 WL 2546721, at \*4 (ordering plaintiff to file affidavits and documentary evidence regarding damages after entering default judgment against defendant under Rule 16(f)).

## III. <u>CONCLUSION</u>

For the foregoing reasons, I recommend that the Court enter a default judgment against Ms. Parker on Mr. Clark's claims. I also recommend that the Court order Mr. Clark to file affidavits and other documentary evidence within 14 days regarding his claimed damages, with a hearing on damages to follow as necessary. If the Court accepts my

recommendation, I further recommend that the Court deny as moot Mr. Clark's pending motion for summary judgment and amended motion for summary judgment. (ECF Nos. 70-71.)

Dated: February 24, 2026                          *s/ Jennifer Dowdell Armstrong*
                                                  United States Magistrate Judge

## IV.   NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the

report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).