**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CURTIS CLARK, | ) | CASE NO. 5:24-CV-1312 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| DEBORAH PARKER, *et al.*, | ) | |
| | ) | |
| | ) | **REPORT AND** |
| Defendants. | ) | **RECOMMENDATION** |
| | ) | **CLARIFYING ECF NO. 73** |

On February 24, 2026, I issued a Report and Recommendation ("R&R"), recommending that the Court enter a default judgment in favor of Plaintiff Curtis Clark ("Mr. Clark") and against Defendant Deborah Parker ("Ms. Parker") due to Ms. Parker's failure to appear at or participate in multiple status conferences in this case and her failure to respond to my show cause order. (ECF No. 73). I also recommended that the Court order Mr. Clark to file proof of damages within 14 days, with a hearing on damages to follow as necessary. I further noted that Mr. Clark had asserted claims for declaratory and injunctive relief, though I did not make a specific recommendation with respect to those claims.

On April 7, 2026, the Court entered an order instructing me to clarify my R&R with respect to Mr. Clark's requests for declaratory and injunctive relief. (ECF No. 77). In particular, the order asked me to "clarify whether the R&R is limited to recommending default judgment as to Plaintiff's request for damages or was meant to include a recommended

1

resolution as to Plaintiff's requests for declaratory and injunctive relief with respect to the Property."

In accordance with the Court's order, I clarify that I did not make a specific recommendation that the Court grant Mr. Clark relief on his claims for injunctive and declaratory relief because I do not believe that the Court can do so given the case's current procedural posture. This case involves a dispute over a piece of real property in Canton, Ohio. Mr. Clark alleges that the property belonged to the parties' mother, and that he acquired the property through quitclaim deed in October 2003. (ECF No. 9, ¶¶ 12-14). Mr. Clark also alleges that Ms. Parker and two other sisters, Sandra Clark and Cathy Jones, fraudulently acquired interests in the property through two forged quitclaim deeds in July 2003. *Id*. at ¶¶ 15-17). In addition to monetary damages, Mr. Clark seeks declaratory and injunctive relief invalidating the allegedly-fraudulent deeds or ordering Ms. Parker, Ms. Clark, and Ms. Jones to transfer their interests to Mr. Clark. *Id*., Prayer for Relief.

Neither Ms. Clark nor Ms. Jones is currently a proper party to this case. Mr. Clark voluntarily dismissed Ms. Jones in September 2024. (ECF Nos. 10-11). In addition, Mr. Clark has been unable to serve the complaint on Ms. Clark, and I recently recommended that the Court dismiss Ms. Clark without prejudice as a result of Mr. Clark's failure to effectuate service. (ECF No. 72).

Because Ms. Jones is not a party to this action and Ms. Clark has not been served, and because both Ms. Jones and Ms. Clark allegedly hold an interest in the property, it does not appear that the Court could presently grant Mr. Clark the declaratory relief he seeks. *See* Fed. R. Civ. P. 19(a)(1) (providing that a person must be joined as a party if the court cannot accord complete relief in the person's absence or if the person claims an interest relating to the

2

subject of the action and disposing of the action in the person's absence may impair that interest); *Superior Beverage Group, Ltd. v. The Wine Group, Inc.*, No. 4:10CV1971, 2010 WL 3664906, at *3 (N.D. Ohio Sept. 16, 2010) (noting that Ohio's Declaratory Judgment Act provides that "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding" and that "[t]he absence of an interested and necessary party constitutes a jurisdictional defect which precludes the court from properly rendering a declaratory judgment") (first quoting O.R.C. § 2721.12(A), then quoting *Cincinnati v. Whitman*, 44 Ohio St. 2d 58, 59, 337 N.E.2d 773 (1975) (quotations and emphasis omitted)); *Prosser v. XTO Energy, Inc.*, No. 2:12-cv-0883, 2013 WL 1786456, at *4 (S.D. Ohio Apr. 25, 2013) (holding that court could not issue declaratory judgment regarding whether plaintiffs owned fee simple interest in subject property without joining parties who may have interest in property).

The same is true of Mr. Clark's prayer for injunctive relief. Mr. Clark asks the Court to order Ms. Parker, Ms. Clark, and Ms. Jones to convey their interests to Mr. Clark, even though Mr. Clark voluntarily dismissed Ms. Jones from the suit and has not served Ms. Clark. *See Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 671 (6th Cir. 2004) (holding that partnership was necessary party under Rule 19 to suit for injunctive relief that could invalidate partnership's shares).

Accordingly, I clarify that my Report and Recommendation (ECF No. 73) regarding sanctions against Ms. Parker is limited to Mr. Clark's request for damages against her, and it does not encompass Mr. Clark's request for declaratory or injunctive relief because Ms. Jones is not a party to this action and Ms. Clark has not been properly served.

3

Dated: April 14, 2026                                    *s/ Jennifer Dowdell Armstrong*
                                                         United States Magistrate Judge


### NOTICE TO PARTIES REGARDING OBJECTIONS

Local Rule 72.3(b) of this Court provides:

> **Any party may object to a Magistrate Judge's proposed findings, recommendations or report made pursuant to Fed. R. Civ. P. 72(b) within fourteen (14) days after being served with a copy thereof, and failure to file timely objections within the fourteen (14) day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure**. Such party shall file with the Clerk of Court, and serve on the Magistrate Judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. **Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.** The District Judge to whom the case was assigned shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge need conduct a new hearing only in such District Judge's discretion or where required by law, and may consider the record developed before the Magistrate Judge, making a determination on the basis of the record. The District Judge may also receive further evidence, recall witnesses or recommit the matter to the Magistrate Judge with instructions.

*Id.* (emphasis added).

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; a general objection has the same effect as would a failure to object. *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

5

Stated differently, objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).