**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CURTIS CLARK, | ) | CASE NO. 5:24-cv-1312 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBORAH PARKER, *et al.*, | ) | **ORDER ADOPTING MAGISTRATE'S** |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | |
| | ) | |

Pending before the Court are: (i) Magistrate Judge Jennifer Armstrong's report and recommendation ("First R&R") that the Court dismiss Plaintiff Curtis Clark's claims against Defendant Sandra Clark without prejudice pursuant to Federal Rule of Civil Procedure 4(m) (ECF No. 60); and (ii) Magistrate Judge Armstong's supplemental report and recommendation ("Supplemental R&R") for the same disposition (ECF No. 72).  Plaintiff filed objections to both R&Rs.  (ECF Nos. 62, 75).  For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** both the First R&R and Supplement R&R, and **DISMISSES** Defendant Clark from this action.

I.      **BACKGROUND**

On July 31, 2024, Plaintiff Curtis Clark initiated this action by filing a complaint against Defendants Deborah Parker, Sandra Clark, and Cathy Jones, alleging that the defendants engaged in the fraudulent transfer and conveyance of interest in the property located at 3423 Dueber Avenue SW, Canton, Ohio 44706 (the "Property").  (ECF No. 1).  On August 22, 2024, Plaintiff filed proof of personal service on Defendant Parker.  (ECF No. 4).  Plaintiff filed an amended complaint against Defendants Deborah Parker, Sandra Clark, and Cathy Jones on August 29, 2024.  (ECF

1

No. 9).  Defendant Parker filed an answer to the amended complaint.  (ECF No. 16).  On September 4, 2024, Defendant Jones was dismissed from this action after the Court granted Plaintiff's construed Rule 21 motion to dismiss.  (ECF No. 10; Order [non-document] dated Sept. 4, 2024).

At an in-person status conference on December 12, 2024, Magistrate Judge Jonathan Greenberg informed Plaintiff that he had until January 2, 2025 to perfect service on Defendant Clark.[1]  (ECF No. 33).  At a status conference on July 9, 2025, Plaintiff informed Magistrate Judge Jennifer Armstrong that he still had not effectuated service upon Defendant Clark.  (Minutes of proceedings [non-document] dated July 9, 2025).  Magistrate Judge Armstong ordered Plaintiff to either file valid proof of service upon Defendant Clark or show cause why this case should not be dismissed against her pursuant to Fed. R. Civ. P. 4(m) by August 7, 2025.  (*Id.*).

On August 12, 2025, Magistrate Judge Armstong issued an order that: (i) took notice of Plaintiff's non-compliance with the July 9, 2025 Order; and (ii) warned Plaintiff that "failure to comply with the July 9, 2025 Order on or before August 26, 2025 will result in a recommendation that the case against Ms. Clark should be dismissed without further notice."  (Order [non-document] dated Aug. 12, 2025).  On August 25, 2025, Plaintiff filed a sworn declaration stating that he and his former counsel had made several attempts to serve Defendant Clark, which included hiring a local process server, but all attempts had been unsuccessful.  (ECF No. 58, PageID #594).  Plaintiff contends that Defendant Clark is evading service and requests alternative service through publication or email.  (*Id.*).

On October 22, 2025, Magistrate Judge Armstrong issued the First R&R recommending that the Court dismiss Plaintiff's claims against Defendant Clark without prejudice pursuant to Rule 4(m).  (ECF No. 60).  Analyzing the record, Magistrate Judge Armstrong found that Plaintiff

---

[1] At that time, more than four months had passed since initiation of this case and Plaintiff had yet to effectuate service on Defendant Sandra Clark.

"has not shown reasonable, diligent efforts to timely effect service on Ms. Clark." (*Id.* at PageID #611). The R&R provides the following analysis:

> It is true that the Clerk of Court attempted to serve Ms. Clark by certified mail in December 2024. (ECF No. 50). Mr. Clark also avers that his prior counsel attempted to serve Ms. Clark through unspecified means on "several occasions" and that Mr. Clark himself hired a process server. (ECF No. 58). However, Mr. Clark provides no details whatsoever regarding those service efforts, including when they occurred, what methods his counsel employed, why service was unsuccessful, and whether Mr. Clark has made any recent service efforts. Given the paucity of information regarding Mr. Clark's attempts at service, I cannot conclude that he has shown good cause for his failure to serve Ms. Clark.

(*Id.*). Weighing the relevant factors for extending the time for service in the absence of good cause, the Magistrate Judge concluded that the factors weighed against granting another extension and dismissal without prejudice was warranted. (*Id.* at PageID #612–13).

Addressing the request for alternative service, Judge Armstrong found that: (i) service by email was not permitted under Ohio law; and (ii) as for service by publication, Plaintiff had not met his burden under Rule 4(m) or Ohio Civ. R. 4.4 of demonstrating that service of process could not be perfected by traditional means. (*Id.* at PageID #613–15). The R&R also gave the parties notice of the 14-day deadline for filing objections.[2] (*Id.* at PageID #616–17). The notice warned the parties that "[f]ailure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals[.]" (*Id.* at PageID #616).

On November 13, 2025, 22 days after the R&R had been mailed to Plaintiff's address, the Court issued an Order adopting the R&R after noting that Plaintiff had failed to file any objections. (ECF No. 61). That same day, and after the Court's Order had been issued, the clerk's office received and docketed a filing by Plaintiff that contained objections to the R&R, a renewed motion

---

[2] Fed. R. Civ. P. 72(b)(2) provides that the parties may object to a Magistrate Judge's R&R within 14 days after service.

to extend the time to serve Defendant Clark, and an affidavit of attempted service. (ECF No. 62). The Court cannot determine whether Plaintiff's objections to the R&R were timely because there was no indication on when Plaintiff was served with a copy of the R&R—although Plaintiff's "objections" were mailed on November 11, 2025. (ECF No. 62-1). Because of Plaintiff's *pro se* status, the Court issued an order on November 17, 2025 that: (i) accepted the potentially late-filed objections to the R&R; (ii) vacated the November 13, 2025 Order adopting the R&R; and (iii) remanded the matter to Judge Armstrong to consider Plaintiff's objections and issue a Supplemental Report and Recommendation. (ECF No. 63).

On January 9, 2026, Mr. Clark filed a Declaration in Support of Continued Efforts to Effectuate Service and Request for Alternative Service and/or Judgment. ("Declaration"). (ECF No. 67). In the Declaration and accompanying documents, Mr. Clark states that he: (i) hired a process server in Chicago to effectuate service; and (iii) service was attempted on three occasions in December 2025 but they were unsuccessful because there is a locked fence in the front and back of Defendant Clark's property. (*Id.* at PageID #774–75; ECF No. 67-1).

On February 24, 2026, Judge Armstrong issued a Supplemental Report and Recommendation ("Supplemental R&R") recommending that the Court dismiss the claims against Defendant Clark pursuant to Rule 4(m) for failure to effectuate timely service. (ECF No. 72). Judge Armstrong first noted that Plaintiff had requested an additional 60 days to serve Defendant Clark on November 13, 2025, but had failed to effectuate service in those additional 60 days. (*Id.* at PageID #833). She then found that Plaintiff had failed to establish good cause for an additional extension of the service deadline, stating:

> I acknowledge that Mr. Clark's recent filings show that he made several recent attempts to serve Ms. Clark through a process server. I also acknowledge that the materials Mr. Clark submitted in connection with his objection to my R&R show that Mr. Clark's prior counsel made several attempts at service and that Mr. Clark

4

hired a process server in July 2025. (ECF No. 62.) However, Mr. Clark has not provided any additional detail regarding the process server's attempts at service in July 2025. Nor does he explain what, if any, service attempts he made between July 2025 and December 2025. This case has been pending since July 31, 2024, a period of more than 18 months. While Mr. Clark has made some efforts to serve Ms. Clark at certain points during that period, I find that he has not made reasonable, diligent efforts to effectuate service on Ms. Clark throughout the pendency of the litigation.

(*Id.*).

Judge Armstrong then weighed the factors for whether the Court should extend the time for service in absence of good cause and found the factors weighed against an extension and in favor of dismissing the claims against Defendant Clark.  (*Id.* at PageID #833–85).  On March 6, 2026, Plaintiff filed objections to the Supplemental R&R ("Objections").  (ECF No. 75).

## II.    LEGAL STANDARD

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the report and recommendation to which the parties have objected.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  Absent objection, a district court may adopt a report and recommendation without further review.  *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985).  Pursuant to Fed. R. Civ. Proc. 72(b)(3), a district judge:

> [M]ust determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. Proc. 72(b)(3).  An objection must address specific issues within the magistrate judge's report and recommendation.  *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  That means that a petitioner must direct "the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position." *Ayers v. Bradshaw*, No. 3:07-cv-2663, 2008 U.S. Dist. LEXIS 27218, 2008 WL 906100, at *2 (N.D. Ohio, Mar. 31, 2008)

(quoting *Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997)); *see also Bulls v. Potter*, No. 5:16-cv-02095, 2020 U.S. Dist. LEXIS 30163, 2020 WL 870931, at *1 (N.D. Ohio Feb. 21, 2020) (providing that objections "must be specific in order to trigger the de novo review").

General objections are insufficient to meet the specificity requirement as objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) (quoting *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) (internal quotation marks omitted); *see also Howard*, 932 F.2d at 509 (providing that a general objection to a magistrate judge's report and recommendation "has the same effects as would a failure to object"). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).

## III.    DISCUSSION

Plaintiff does not object to Magistrate Judge Armstrong's conclusion that he failed to establish good cause for an additional extension of the service deadline. (ECF No. 72, PageID #833). Absent objection, the Court therefore **ADOPTS** this portion of the Supplemental R&R and Magistrate Judge Armstrong's conclusion as to good cause. Plaintiff's main objection to the Supplemental R&R is that Magistrate Judge Armstrong improperly emphasized the passage of time and procedural posture of this case and did not sufficiently weigh the equitable factors for granting a discretionary extension of the time to serve absent good cause. (ECF No. 75, PageID #893).

The Sixth Circuit has held that district courts should consider seven factors when deciding whether to grant a discretionary extension of time absent a finding of good cause:

(1) whether an extension of time would be well beyond the timely service of process;

(2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;

(3) whether the defendant had actual notice of the lawsuit;

 (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;

(5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;

(6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and

(7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 569 (6th Cir. 2022).  Magistrate Judge Armstrong identified these factors, stated that she weighed and considered them as a whole, and concluded that they weighed against granting a further extension of the service deadline and in favor of dismissing the claims against Defendant Clark.  (ECF No. 72, PageID #834–35).  Given Plaintiff's objection, the Court will consider the relevant factors *de novo*.

With respect to the first factor, the Court finds that granting Plaintiff another extension of time would push the service deadline "well beyond the timely service of process."  Plaintiff filed the original complaint on July 31, 2024, (ECF No. 1), and the amended complaint on August 29, 2024, (ECF No. 9).  It has been over 600 days since these pleadings were filed, well past the 90-day deadline for effecting service under Rule 4(m).  The Supplemental R&R noted this fact and

7

Plaintiff makes no argument or objection to the contrary.  Thus, the Court finds that the first factor weighs heavily against granting an extension.

For the second factor, Magistrate Judge Armstrong concluded that Defendant Clark would be prejudiced by an extension of the deadline after noting that the discovery cutoff had long passed and Plaintiff had already moved for summary judgment against Defendant Parker.  (ECF No. 72, PageID #834).  Plaintiff argues that this finding is in error because "procedural inconvenience is not legal prejudice[,]" and there is no showing of concrete impairment, and courts routinely reopen discovery when justice requires.  (ECF No. 75, PageID #894).  First, Plaintiff cites no authority in support of this argument.  Second, while the Sixth Circuit has suggested that second factor focuses on a showing that a defendant will suffer "actual prejudice," which includes such matters as the loss of record or the death of a witness, it also explained that "prejudice to the Defendants is not the singular or dispositive factor of the analysis and should thus not be considered in isolation." *Oakland Physicians*, 44 F.4th at 571.

The circumstances of this case also suggest that it would be prejudicial to Defendant Clark if an extension of time were granted.  Plaintiff alleges that the Defendants fraudulently conveyed Plaintiff's interest in the Property in July 2003.  (ECF No. 9, PageID #74–75, ¶¶ 14–16, 21–23). This action was commenced more than two decades later, and Plaintiff has still not effectuated service on Defendant Clark more than 600 days since that commencement.  Although Plaintiff has stated that he has a "good faith" belief that Defendant Clark is avoiding service, (ECF No. 62, PageID #626), he has provided no record evidence to support that she is actively taking efforts to avoid Plaintiff's attempts at service.  As noted by the Sixth Circuit, other courts of appeals have upheld a finding of prejudice to a defendant when similar circumstances are present—namely, a long length of time between the original incident, the filing of the suit combined with untimely

service of process, and no record evidence of fault by the defendant.  *Oakland Physicians*, 44 F.4th at 571–72 (citing *Jones v. Ramos*, 12 F.4th 745, 750 (7th Cir. 2021)).  The Court finds that the lapse of time in filing this action after the alleged fraudulent transfer, the delay in service, and the lapse of the discovery and dispositive motion deadlines, all result in an appreciable amount of actual prejudice to Defendant Clark's ability to defend herself from the claims asserted against her.  Thus, the Court finds that this factor somewhat weighs against granting an extension.

For the third factor, Magistrate Judge Armstrong found that this factor weighed in Plaintiff's favor because it appeared Defendant Clark received actual notice of the suit given that she filed a motion to retain counsel.  (ECF No. 72, PageID #834 (citing ECF No. 64)).  Plaintiff argues that Defendant Clark filing a motion to retain counsel is sufficient evidence of actual notice and therefore this factor weighs heavily in favor of granting an extension.  (ECF No. 75, PageID #893).  The Court has concerns as to whether Defendant Clark has actual notice of this action.

On November 26, 2025, a motion for an extension of time to retain counsel was docketed, which was purportedly signed and filed by Defendant Clark ("Counsel Motion").  (ECF No. 64). Not before, or since, has Defendant Clark submitted any other filings on her own behalf.  Notably, the formatting, grammar, language, and style of the Counsel Motion is identical to previous filings submitted by Defendant Parker.  (*Compare* ECF No. 64, *with* ECF Nos. 3, 12, 16, 28).  The handwriting in the caption and at the end of the Counsel Motion also appears identical to Defendant Parker's handwriting.  (*Compare* ECF No. 64, PageID #632, 635, *with* ECF No. 81).  Moreover, Defendant Parker previously tried to represent and submit filings on behalf of Defendant Clark, (ECF Nos. 3, 12), signing documents on her behalf as well, before the Court instructed her to stop. (*See* ECF Nos. 14, 22).  Finally, the affidavit in the Counsel Motion is the same affidavit previously

filed by Defendant Parker, with Defendant Parker signing that affidavit on behalf of Defendant Clark once more. (*Compare* ECF No. 56-1, *with* ECF No. 64, PageID #633–35).

Based on the above circumstances, the Court has serious doubt as to whether Defendant Clark actually wrote, signed, and filed the Counsel Motion. Thus, the Court doubts whether she has actual notice of this action. Given this uncertainty, the Court finds that the third factor is neutral at best.

With respect to the fourth factor, Plaintiff argues that dismissal of Defendant Clark would function as a dismissal with prejudice and foreclose merits consideration because dismissal could result in Plaintiff's claims being time-barred. (ECF No. 75, PageID #894). Magistrate Judge recognized that the dismissal of Plaintiff's claims against Defendant Clark *may* be time-barred if the Court dismissed them without prejudice, but noted that the Sixth Circuit does not require the grant of an extension based on the running of the statute of limitations. (ECF No. 72, PageID #834–35). The Court finds that dismissal of Defendant Clark would not substantially prejudice Plaintiff for several reasons. First, Plaintiff states that his claims might be time-barred but he provides no explanation as to why they would be time-barred here. Second, having reviewed Plaintiff's claims, it appears that most, if not all, would have been barred by the statute of limitations when this action was originally filed; particularly in light of the nearly two decades between the inciting incident (the alleged 2003 fraudulent transfer) and the filing of this action. This likely pre-existing running of the statute of limitations undermines Plaintiff's claim about substantial prejudice stemming from dismissal for failure to serve here. Finally, as noted by Magistrate Judge Armstrong, the Sixth Circuit holds that the running of the statute of limitations does not require the grant of a discretionary extension, as it is only one of several factors a district court must consider. *See Oakland Physicians*, 44 F.4th at 570. In light of the above, the Court

10

finds that Plaintiff has not established substantial prejudice.  Thus, the Court considers the fourth factor as neutral.

Addressing the fifth and sixth factors (diligent efforts and *pro se* status), Magistrate Judge Armstrong found that these factors weigh in Plaintiff's favor but noted "Mr. Clark was represented by counsel for a large portion of this litigation and did not effectuate service during that time. And, as discussed above, while Mr. Clark did make prior service attempts, there remain large gaps in the record where it does not appear that he was attempting to serve Ms. Clark." (ECF No. 72, PageID #72).  The Court similarly finds that these factors weigh in Plaintiff's favor, but not a great deal.  The record demonstrates that Plaintiff's former counsel, and Plaintiff himself, made several efforts to effectuate service on Defendant Clark.  As stated by Magistrate Judge Armstrong, Plaintiff has failed to provide additional details regarding the process server's attempts to serve in July 2025, as well as what efforts were made between then and when Plaintiff attempted service again in December 2025.  (*See* ECF No. 72, PageID #833).  The efforts made in December solely demonstrate that a process server was unable to effectuate service at that time because there was a locked fence around Defendant Clark's property.  (ECF No. 67-1).

Plaintiff does not assert that he has made efforts to effectuate service since December 2025, despite over four months having passed, or why granting another 30-day extension would change the result.  Although Plaintiff is now proceeding *pro se*, he has done so since July 9, 2025.  (Order [non-document] dated July 9, 2025).  He hired a process server in December 2025, but has provided no evidence or claim that he made any other attempts to effectuate service in the nine-plus months since his counsel withdrew.  Thus, while the Court finds Plaintiff should be afforded some leniency and recognizes that he has made some good faith efforts, he has failed to demonstrate sufficient due diligence in effectuating service on Defendant Clark to outweigh the

11

lengthy delay in service and prejudice against Defendant (that the Court finds outweighs the potential prejudice against Plaintiff).

Addressing the final factor, neither the Supplemental R&R nor Plaintiff has identified any equitable factors that are unique to the circumstances of this case.  As a result, the Court finds that the final factor is of no import in this matter.

In summation, the fifth and sixth factors weigh slightly in favor of Plaintiff, the first factor weighs heavily against Plaintiff, the second factor weighs slightly in favor of Plaintiff, and the remaining factors are either neutral or of no import.  Taken as a whole, the Court finds that the factors weigh against the Court granting a discretionary extension of time to serve Defendant Clark—especially given the weight of the first factor.  Accordingly, the Court will overrule Plaintiff's objections, adopt the R&Rs, and dismiss the claims against Defendant Clark without prejudice.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' objections (ECF No. 75) are **OVERRULED**.  The Court **ADOPTS** Magistrate Judge Armstrong's R&R (ECF No. 60) and Supplemental R&R (ECF No. 72) and incorporates them herein by reference.  Plaintiff's claims against Defendant Clark are **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED.**

Date: May 7, 2026

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**