**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CURTIS CLARK, | ) | CASE NO. 5:24-cv-1312 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBORAH PARKER, *et al.*, | ) | **ORDER ADOPTING MAGISTRATE'S** |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) | **(ECF No. 73)** |
| | ) | |

Pending before the Court is Magistrate Judge Jennifer Armstrong's report and recommendation ("R&R") that the Court enter default judgment against Defendant Deborah Parker (ECF No. 73).  For the reasons that follow, the Court **ADOPTS** the R&R and **ENTERS** default judgment against Defendant Parker.

I.     **BACKGROUND**

On July 31, 2024, Plaintiff Curtis Clark initiated this action by filing a complaint against Defendants Deborah Parker, Sandra Clark, and Cathy Jones, alleging that the defendants engaged in the fraudulent transfer and conveyance of interest in the property located at 3423 Dueber Avenue SW, Canton, Ohio 44706 (the "Property").  (ECF No. 1).  The Court adopts the lengthy procedural history set forth in the R&R that details Defendant Parker's repeated failures to abide by the Court's deadlines or otherwise participate in this action.  (ECF No. 73, PageID #839–44).

On February 24, 2026, Magistrate Judge Armstrong issued the R&R, which recommended that the Court: (i) enter default judgment against Defendant Parker on Plaintiff's claims as a sanction; (ii) order Plaintiff to file affidavits and other documentary evidence as to his claimed damages; and (iii) deny Plaintiff's pending motion for summary judgment (ECF Nos. 70, 71) as

1

moot.  (ECF No. 73, PageID #848–49).  The R&R also gave the parties notice of the 14-day time limit for filing objections under Fed. R. Civ. P. 72(b) and warned them that a failure to file a timely objection may result in the forfeiture of de novo review and waiver of the right to appeal.  (*Id.* at PageID #849–50).

Thirty-five days later (March 31, 2026), Defendant Parker, who is proceeding *pro se*, filed a handwritten, hard to decipher motion that requested a 60-day extension "to the motion filed and VOID judgment. . . ."  (ECF No. 76, PageID #903).  On April 9, 2026, the Court construed the motion as requesting an extension of time to respond to the R&R recommending default judgment against Defendant Parker, granted her a short extension of time to file objections, and denied any other request for relief.  (ECF No. 78).  The Court ordered Defendant Parker to file any objections to the R&R by close of business on April 20, 2026 and warned her that "no further extension of time will be granted and a failure to file objections by the Court's deadline will result in a waiver of objections."  (*Id.* at PageID #911).  That deadline has passed and Defendant Parker did not file any objections.[1]

On April 7, 2026, the Court issued an Order for Clarification, referring this matter to Magistrate Judge Armstrong to clarify whether the R&R is limited to recommending default judgment as to Plaintiff's request for damages or was meant to include a recommended resolution as to Plaintiff's requests for declaratory and injunctive relief with respect to the Property.  (ECF No. 77).  On April 14, 2026, Judge Armstrong issued a Report and Recommendation Clarifying ECF No. 73 ("Clarification R&R").  (ECF No. 79).  The Clarification R&R states that the R&R recommending sanctions against Defendant Parker was limited to Plaintiff's request for damages

---

[1] On April 22, 2026, Defendant Parker filed a renewed motion for an extension of time to object to the R&R, (ECF No. 81), which the Court denied because it had warned that there would be no further extensions of time and Defendant Parker had a exhibited a clear pattern of delaying this action through repeated failures to participate or abide by the Court's orders and deadlines, (ECF No. 82).

and does not encompass his requests for declaratory or injunctive relief.  (*Id.* at PageID #914). The Clarification R&R provided notice to the parties of the 14-day time limit for filing objections under Fed. R. Civ. P. 72(b) and the standard warning for failing to timely object.  (*Id.* at PageID #915–16).  The 14-day deadline for filing objections to the Clarification R&R elapsed without either party filing objections.

## II.     LEGAL STANDARD

Under the Federal Magistrates Act, a district court must conduct a *de novo* review of those portions of the report and recommendation to which the parties have objected.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).  Absent objection, a district court may adopt a report and recommendation without further review.  *See Peretz v. United States*, 501 U.S. 923, 939 (1991); *Thomas v. Arn*, 474 U.S. 140, 141–42 (1985).

## III.    DISCUSSION

The Sixth Circuit has noted that default judgment as a sanction "is a drastic step which should be resorted to only in the most extreme cases."  *Prime Rate Premium Fin. Corp. v. Larson*, 930 F.3d 759, 769 (6th Cir. 2019) (citation and internal quotation marks omitted).  District courts must consider four factors when deciding whether to impose default judgment as a sanction: "1) whether the disobedient party acted in willful bad faith; 2) whether the opposing party suffered prejudice; 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and 4) whether less drastic sanctions were imposed or considered."  *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 376 (6th Cir. 2008) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)); *see also Larson*, 930 F.3 at 769 (explaining the factors as four questions: "(1) Did the party act in bad faith? (2) Was the opposing party prejudiced? (3) Did the court give adequate warning? and (4) Could less drastic sanctions have

ensured compliance?").  The Sixth Circuit considers bad faith as the most important factor.  *See, e.g.*, *Larson*, 930 F. 3d at 769; *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 801 F. App'x 928, 934 (6th Cir. 2020).

Magistrate Judge Armstrong analyzed these four factors in the R&R and found all four weighed in favor of granting default judgment against Defendant Parker.  (ECF No. 73, PageID #845–48).  The R&R provides that following analysis on the first factor:

> Here, Ms. Parker failed to attend numerous status conferences and left the most recent conference despite my explicit order that she remain. Ms. Parker also failed to attend the July 29, 2025 show cause hearing despite receiving mailed notice of that hearing and despite explicit warnings that failure to attend could result in sanctions. Finally, Ms. Parker did not respond to my most recent order to show cause and has offered no explanation or excuse for her conduct. I find that Ms. Parker's "repeated failure to participate in Court proceedings is more than sufficient to display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Wingate v. Wal-Mart Stores, Inc.*, No. 1:16-CV-1785, 2017 WL 1251093, at *5 (N.D. Ohio Mar. 14, 2017) (quotation omitted), *report and recommendation adopted*, 2017 WL 1235006 (N.D. Ohio Apr. 4, 2017); *McGill*, 2009 WL 1505710, at *3 (holding that first factor weighed in favor of default judgment where defendant refused to mediate).

(*Id.* at PageID #845–46).   Magistrate Judge Armstrong found that the second factor favored entering default judgment because "Mr. Clark and his then-counsel have incurred time and expense in preparing for and attending multiple court conferences where Ms. Parker failed to appear. . . . and [her] actions have disturbed the orderly progression of this case and have impeded Mr. Clark's ability to obtain resolution of his claims against Ms. Parker."  (*Id.* at PageID #846).

She found that the third factor also favored entering default judgment because several show cause orders explicitly warned Defendant Parker that failure to respond to the Court's deadlines would result in sanctions, including default judgment.  (*Id.* at PageID #846–47).  Finally, Judge Armstrong considered lesser sanctions and concluded that "no sanction short of entry of a default

4

judgment against Ms. Parker would protect the integrity of the pretrial process." (*Id.* at PageID #847).  She commented:

> Ms. Parker has repeatedly obstructed this litigation by failing to appear at or participate in court mandated conferences and by failing to respond to court orders. She has been warned on multiple occasions that continuing her behavior could result in sanctions but has persisted despite the Court dismissed her counterclaims as a prior sanction. (ECF No. 59.) Ms. Parker also failed to respond to the most recent show cause order even after being warned that not responding could result in entry of a default judgment.
>
> Under the circumstances, and given the ineffectiveness of past sanctions, there is no reason to believe that a lesser sanction would secure Ms. Parker's compliance with court orders. *See KCI USA*, 801 F. App'x at 936 (holding that district court reasonably held that lesser sanctions would not be effective where prior lesser sanctions did not deter conduct); *Castle Aviation, Inc. v. Aviation Solutions Group, Inc.*, No. 5:22-cv-02285, 2024 WL 3673315, at *1 (N.D. Ohio Mar. 22, 2024) (Fleming, J.) (holding that default judgment was appropriate sanction where defendant "has clearly violated this Court's order to attend or have a representative attend multiple status conferences and to show cause"); *Wade Farms, LLC v. Ceed2Med, LLC*, No. 5:19-cv-124-TBR, 2021 WL 2546721, at *4 (W.D. Ky. June 21, 2021) (finding that default judgment was appropriate where "the Court did utilize the less drastic sanction of a show cause order" and lesser sanction was not effective). The fourth factor thus also weighs in favor of entering a default judgment against Ms. Parker.

(*Id.* at PageID #846–47).

Because Defendant Parker has failed to file any objection, even after being granted a late-filed extension of time, she has waived any objections and forfeited *de novo* review of the R&R. Having reviewed the R&R for clear error, and finding none, the Court **ADOPTS** Magistrate Judge Armstrong's R&R, incorporates it fully herein by reference, and **ENTERS** default judgment against Defendant Parker on Plaintiff's claims with respect to damages.

## IV.     CONCLUSION

For the foregoing reasons, the Court **ADOPTS** Magistrate Judge Armstrong's R&R (ECF No. 73) and Clarification R&R (ECF No. 79) and incorporates them herein by reference.  Default judgment is **ENTERED** against Defendant Parker on Plaintiff's claims with respect to damages.

Plaintiff's motions for summary judgment (ECF Nos. 70, 71) are **DENIED AS MOOT**.  Noting that Plaintiff has filed affidavits and evidence regarding his damages (ECF No. 74), the Court **ORDERS** Plaintiff to file supplementary evidence, if any, by June 2, 2026.  Defendant Parker shall file any opposition as to damages by June 23, 2026.

    **IT IS SO ORDERED.**

Date: May 12, 2026

_____

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**