**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CURTIS CLARK, | ) | CASE NO. 5:24-cv-1312 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| DEBORAH PARKER, *et al.*, | ) | **ORDER ON DEFAULT JUDGMENT DAMAGES** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I. BACKGROUND

### A. Report and Recommendations for Default Judgment

On July 31, 2024, Plaintiff Curtis Clark initiated this action by filing a complaint against Defendants Deborah Parker, Sandra Clark, and Cathy Jones, alleging that the defendants engaged in the fraudulent transfer and conveyance of interest in the property located at 3423 Dueber Avenue SW, Canton, Ohio 44706 (the "Property"). (ECF No. 1). The Court adopts the lengthy procedural history set forth in Magistrate Judge Jennifer Armstrong's report and recommendation ("R&R") that details Defendant Parker's repeated failures to abide by the Court's deadlines or otherwise participate in this action. (ECF No. 73, PageID #839–44).

On February 24, 2026, Magistrate Judge Armstrong issued the R&R, which recommended that the Court: (i) enter default judgment against Defendant Parker on Plaintiff's claims as a sanction; (ii) order Plaintiff to file affidavits and other documentary evidence as to his claimed damages; and (iii) deny Plaintiff's pending motion for summary judgment (ECF Nos. 70, 71) as moot. (ECF No. 73, PageID #848–49). The R&R also gave the parties notice of the 14-day time limit for filing objections under Fed. R. Civ. P. 72(b) and warned them that a failure to file a timely objection may result in the forfeiture of de novo review and waiver of the right to appeal. (*Id.* at

PageID #849–50). On March 3, 2026, Plaintiff filed affidavits and documentary evidence to support his claims for damages ("Damages Evidence"). (ECF No. 74).

Thirty-five days later (March 31, 2026), Defendant Parker, who is proceeding *pro se*, filed a handwritten, hard to decipher motion that requested a 60-day extension "to the motion filed and VOID judgment. . . ." (ECF No. 76, PageID #903). On April 9, 2026, the Court construed the motion as requesting an extension of time to respond to the R&R recommending default judgment against Defendant Parker, granted her a short extension of time to file objections, and denied any other request for relief. (ECF No. 78). The Court ordered Defendant Parker to file any objections to the R&R by close of business on April 20, 2026 and warned her that "no further extension of time will be granted and a failure to file objections by the Court's deadline will result in a waiver of objections." (*Id.* at PageID #911). That deadline passed and Defendant Parker did not file any objections.[1]

On April 7, 2026, the Court issued an Order for Clarification, referring this matter to Magistrate Judge Armstrong to clarify whether the R&R is limited to recommending default judgment as to Plaintiff's request for damages or was meant to include a recommended resolution as to Plaintiff's requests for declaratory and injunctive relief with respect to the Property. (ECF No. 77). On April 14, 2026, Judge Armstrong issued a Report and Recommendation Clarifying ECF No. 73 ("Clarification R&R"). (ECF No. 79). The Clarification R&R states that the R&R recommending sanctions against Defendant Parker was limited to Plaintiff's request for damages and does not encompass his requests for declaratory or injunctive relief. (*Id.* at PageID #914). The Clarification R&R provided notice to the parties of the 14-day time limit for filing objections

[1] On April 22, 2026, Defendant Parker filed a renewed motion for an extension of time to object to the R&R, (ECF No. 81), which the Court denied because it had warned that there would be no further extensions of time and Defendant Parker had a exhibited a clear pattern of delaying this action through repeated failures to participate or abide by the Court's orders and deadlines, (ECF No. 82).

under Fed. R. Civ. P. 72(b) and the standard warning for failing to timely object. (*Id.* at PageID #915–16). The 14-day deadline for filing objections to the Clarification R&R elapsed without either party filing objections.

**B. Entry of Default Judgment – Damages**

On May 12, 2026, the Court issued an order that: (i) adopted Magistrate Judge Armstrong's R&R and Supplemental R&R; (ii) entered default judgment against Defendant Parker on Plaintiff's claims with respect to damages; and (iii) denied Plaintiff's motions for summary judgment as moot. (ECF No. 84). After noting that Plaintiff had filed the Damages Evidence (ECF No. 74), the Court also ordered Plaintiff to file any supplementary evidence by June 2, 2026 and set a deadline for Defendant Parker to file any opposition to damages by June 23, 2026. (*Id.* at PageID #944).

On May 26, 2026, Defendant Parker filed a Motion for Extension of 45 Days ("Extension Motion") that sought an extension based on her hospitalization but did not specify what deadline she was seeking to extend. (ECF No. 85). On May 27, 2026, the Court denied the Extension Motion because if she was requesting to extend the deadline for objections to the R&R, the Court had already denied such a request and her asserted hospitalization occurred after the R&R was already adopted; and if the request was to extend the deadline for opposing damages, the request was premature and lacked sufficient support. (ECF No. 86). The June 2, 2026 deadline elapsed without Plaintiff filing any supplementary evidence for damages.

On June 16, 2026, Defendant Parker filed a second motion seeking a 45-day extension ("Second Motion"), citing her hospitalization in January 2026 and referral to psychological therapy in May 2026. (ECF No. 87). The Court denied the Second Motion and noted Defendant Parker's

deadline to file any opposition as to damages remained June 23, 2026. (ECF No. 88). The June 23, 2026 deadline elapsed without Defendant Parker filing any opposition with respect to damages.

### C. Damages Hearing

On July 1, 2026, the Court set a Damages Hearing for July 28, 2026 at 10:00 AM to be held by video conference. (ECF No. 90). The Court ordered Plaintiff and Defendant Parker to attend, set the deadline for witness lists and exhibit lists to be exchanged and filed by close of business on July 21, 2026, and stated that any witnesses and exhibits not included in each respective party's witness or exhibit list would not be permitted at the Damages Hearing. (*Id.*). On July 17, 2026, Plaintiff filed his witness and exhibit lists. (ECF No. 91). Defendant Parker did not file any witness or exhibit lists.

The Damages Hearing was held via Zoom video conference on July 28, 2026 at 10:00 AM. (Minutes of proceedings [non-document] dated July 28, 2026). Plaintiff entered an appearance but Defendant Parker did not enter an appearance despite being ordered to attend. (*Id.*). At the hearing, Cathy Jones testified in support of Plaintiff, Plaintiff made arguments, and Plaintiff's Exhibits 1 through 5 were admitted by the Court. (*Id.*). At the end of the hearing, Plaintiff declined the opportunity for post-hearing briefing after the Court explained that post-hearing briefing may be beneficial to Plaintiff. (*Id.*).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 governs both default and default judgment. Once default has been entered, "[a] district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x. 351, 355 (6th Cir. 2009) (citation omitted); *see also Combs Trucking v. Int'l Harvester Co.*, 12 Ohio St. 3d 241, 244, 12 Ohio B. 322, 466 N.E.2d 883 (1984). Moreover, the burden is on the movant to provide

damages evidence that allows the district court to make such a finding. *See Aurora Plastics Grp., Inc. v. Petro. Plastics Co.*, No. 5:23-cv-01269, 2024 U.S. Dist. LEXIS 65080, at *3 (N.D. Ohio Apr. 10, 2024); N*ew London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F. 4th 393, 403 (6th Cir. 2022).

## III. DISCUSSION

In the Damages Evidence, and at the Damages Hearing, Plaintiff argues he is entitled to damages related to: (i) attorney's fees; (ii) mortgage payments; (iii) costs for a forensic document examiner; (iv) lost rental income; (v) emotional dress; and (vi) punitive damages. (ECF No. 74, PageID #851; ECF No. 74-1, PageID #853–55; ECF No. 91-4). Notably, Plaintiff has provided no opposition to the requested damages. Even so, the Court will separately address the damages requested.

### A. Attorney's Fees

Plaintiff requests attorney's fees in the amount of $21,656.08. For support, Plaintiff provides invoices from his former counsel, as well as a breakdown of the times, fees, and expenses by his former counsel. (ECF No. 74-3, PageID #866–88; ECF No. 91-5, PageID #1015–37). The Court finds that Plaintiff's request is supported by sufficient evidence and that the requested attorney's fees are reasonable. Accordingly, the Court will award the requested attorney's fees in the amount of $21,656.08.

### B. Costs for Forensic Examiner

Plaintiff requests $2,500.00 in costs related to securing the services of a forensic document examiner. (ECF No. 74, PageID #851; ECF No. 74-1, PageID #854). For evidence, Plaintiff provides an email receipt from Handwriting Experts LLC for $1,250.00. (ECF No. 74-5, PageID #889; ECF No. 91-5, PageID #1038). At the Damages Hearing, Plaintiff testified that he did not

have documentation currently with him, but he could provide bank statements. (Damages Hearing Tr., at 16–17). The Court later informed Plaintiff that it would allow him to submit evidence of the other half of the supposed payment in post-hearing briefing, but Plaintiff declined the opportunity and elected to bypass supplemental briefing. (Damages Hearing Tr., at 42–44). Because Plaintiff has only provided evidence as to half of the payment to the forensic handwriting expert, has been given several opportunities to provide such evidence to the Court, and he explicitly declined the opportunity to submit additional evidence post-hearing, the Court will award only $1,250.00 in expert costs.

### C. Lost Rental Income

Plaintiff requests lost rental income in the amount of $51,000.00, calculated as $1,000.00 for 51 months. (ECF No. 74, PageID #851; ECF No. 74-1, PageID #854). At the Damages Hearing, Plaintiff testified that he attempted to evict Cathy Jones in 2021, she ultimately left the Property, they later reconciled, and he attempted to re-rent the Property to her in the beginning of 2022. (Damages Hearing Tr., at 22–24). He also testified that he had no documentation of his efforts to rent the Property but it his intention to rent it to Ms. Jones. (*Id.* at 12–13). Ms. Jones testified that she and Plaintiff discussed re-renting the Property starting in January 2022, she agreed to pay $1,000.00 a month in rent, and they never entered into a lease because of the allegedly obstructive actions of Defendant Parker. (*Id.* at 37–40).

Having reviewed the record, the Court will award lost rental income but not the amount requested by Plaintiff. Although Plaintiff and Ms. Jones testified that they began discussing her re-renting the Property in early (January) 2022, they did not provide evidence of when Ms. Jones intended to begin renting the Property or would have been able to actually move into the Property. Thus, the Court will not use January 2021 as beginning point to calculate lost rental income;

instead, it will use July 2022 as a reasonable time for the start of a potential lease term and the beginning of lost rent. July 2022 to the date of this Order is 49 months in total. As for the rent amount, Plaintiff failed to provide evidence of fair market rental estimates or property valuations. The only evidence is the testimony of Ms. Jones provided at the Damages Hearing, which the Court finds somewhat credible. However, given the lack of other evidence, the Court will base the average lost rental payment off the average mortgage payment (not to include unpaid late charges), using the documentation provided by Plaintiff. (*See* ECF No. 91-5, PageID #1039–49). The average comes to $743.13.[2] (*See id.*). The Court will use $800.00 as the monthly lost rental amount. Accordingly, the Court will award $39,200.00 in lost rental payments (49 months multiplied by $800.00/month).

**D. Mortgage Payments**

Plaintiff requests damages in the amount of $40,481.76 based on mortgage payments for 51 months. (ECF No. 74, PageID #851). The Court declines to award damages based on Plaintiff's payment of the Property's mortgage. Plaintiff has provided no caselaw or authority to support to an award of damages based on his payment of the Property's mortgagee in the circumstances presented here; nor has the Court found any authority for that proposition. Plaintiff claims that he is the rightful owner of the Property, and it was fraudulently transferred from his sole control. He is not claiming that he paid the mortgage and should be refunded those payments because he will no longer own or control the Property. If Plaintiff ultimately ends up retaining the Property, the Court fails to see how the mortgage payments would be a loss or damages. To the extent that

[2] The Court calculated the average monthly mortgage payment by taking the total paid for each year in 2022, 2023, 2024, and 2025, as well as the amount paid for the first six months in 2026, and dividing by 54 months. The Court could not calculate the precise average for 49 months that correspond with award of monthly rental payments because the mortgage information provided by Plaintiff was almost entirely statements for the entire year with no information about the specific monthly payments. (*See* ECF No. 74-2, PageID #859–65).

Plaintiff claims he lost the use of the Property, he is being compensated through damages for lost rental payments. Allowing recovery for the mortgage payments would result in a double recovery. Accordingly, the Court will not award any damages based on Plaintiff's payment of the Property's mortgage.

**E. Emotional Damages**

Plaintiff requests $100,000.00 in emotional damages based on his experiencing anxiety, emotional suffering, loss of sleep, mental distress, reputational harm, and inability to grieve his mother's passing. (ECF No. 74, PageID #851; ECF No. 74-1, PageID #854–55). When asked for evidence of emotional distress at the Damages Hearing, Plaintiff responded that he did not have any documentation in support and he informed the Court that he never sought care from any mental health professional. (Damages Hearing Tr., at 9–12).

The Court declines to award emotional damages to Plaintiff for several reasons. First, despite being given several chances to do so (opportunity to supplement, an evidentiary hearing, offer of post-hearing briefing), Plaintiff failed to provide any documents or other evidence to support his claim for emotional damages. Second, the Court finds Plaintiff's claim for emotional damages is unsubstantiated and unsupported by any evidence in the record other than Plaintiff's own statements. Plaintiff did not provide any medical evidence, statements from a medical or mental health professional, or testimony from others to both corroborate his self-serving statements and provide the Court with the ability to ascertain the extent of emotional damages alleged. For these reasons, the Court declines to grant such damages.

**F. Punitive Damages**

Plaintiff requests $50,000.00 in punitive damages. (ECF No. 74, PageID #851; ECF No. 74-1, PageID #855). Under Ohio law, punitive damages are not recoverable unless the

defendant's conduct "demonstrate[s] malice or aggravated or egregious fraud[.]" *See* Ohio Rev. Code § 2315.21(C)(1). Moreover, punitive damages are not automatically recoverable but are discretionary in nature. *See Whetstone v. Binner*, 2016-Ohio-1006, 146 Ohio St. 3d 395, 57 N.E.3d 1111, 1115 ("But an award of punitive damages is not automatic. Even when a plaintiff can establish entitlement to punitive damages, whether to impose punitive damages, and in what amount, is left to the trier of fact."); *Kelley v. Sullivan*, 2018-Ohio-1410, ¶ 16 (Ohio Ct. App. 2018) ("Moreover, punitive damages are not recoverable as of right; their allowance is discretionary. The trial court is not required to award punitive damages even if it finds that the defendant was moved by actual malice." (internal citations omitted)); C*alloway Cleaning & Restoration, Inc. v. Burer*, No. 1:22-cv-12, 2024 U.S. Dist. LEXIS 67306, at *42 (S.D. Ohio Apr. 12, 2024) ("Punitive damages are always discretionary; they may be awarded under Ohio law for tort actions that involve fraud, actual malice, or insult.") (citing *Preston v. Murty*, 32 Ohio St.3d 334, 512 N.E.2d 1174, 1175 (1987)). "Under Ohio law, actual malice is defined as: "(1) that state of mind under which a person's conduct is characterized by hatred, ill will or a spirit of revenge, or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." *Preston*, 512 N.E.2d 11at 1176. "The plaintiff bears the burden to establish entitlement to punitive damages by clear and convincing evidence." *Id.* (citing Ohio Rev. Code § 2315.21(D)(4)).

Upon review of the record, the Court finds that Plaintiff has not met his burden of establishing an entitlement to punitive damages. Plaintiff has provided no evidence that the fraudulent transfer in 2003 was motivated by hatred, ill will, or spirits of revenge. Plaintiff has also not provided evidence to demonstrate that the fraud in this case was particularly egregious such that it warrants punitive damages. Plaintiff primarily argues that Defendant Parker acted

intentionally and willfully—which are not sufficient to demonstrate actual malice. Even if Plaintiff had established actual malice, the Court would still decline to award punitive damages in this case. Under Ohio law, the remedy of punitive damages is reserved for extraordinary circumstances. *See Sears v. Holly*, 113 Ohio App. 349, 178 N.E.2d 91, 93 (Ohio Ct. App. 1960); *S.H.Y., Inc. v. Garman*, 2004-Ohio-7040, ¶ 48 (Ohio Ct. App. 2004). The Court finds that this case does not present extraordinary circumstances that warrant the imposition of punitive damages. Accordingly, the Court declines to award punitive damages.

## IV. CONCLUSION

For the foregoing reasons, the Court enters judgment in favor of Plaintiff Curtis Clark and against Defendant Deborah Parker in the amount of $62,106.08. Plaintiff's requests for declaratory and injunctive relief remain pending and will be addressed in a separate order of the Court.

**IT IS SO ORDERED.**

Date: August 14, 2026

Charles Fleming

**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**